## ANDREWS v. WOODCOCK.

1. ERROR WITHOUT PREJUDICE. Where the record shows that the answer to an improper question propounded to a witness worked no prejudice to the appellant, the judgment will not, for that reason, be reversed.

2. DEFENSE TO PROMISSORY NOTE. In an action on a promissory note it is competent for the defendant to allege and prove that the note was executed in consideration of a lease of certain premises, and that at the time of the execution the plaintiff was not entitled to the possession of the demised premises, and that defendant never took the possession under him. The defendant in such an action does not occupy the position of a tenant denying the title of his lessor.

*Appeal from Henry District Court.*

SATURDAY, DECEMBER 27.

THIS suit is upon a note given, as it is alleged, by defendant, in consideration of the lease of certain real estate owned by the plaintiff. The defendant pleads: first, that he never signed said note, and this denial is under oath; second, a failure of consideration in this, that the plaintiff at the time of the alleged contract was not entitled to the possession of the demised property, and that defendant therefore never took possession under him. Upon these issues there was a trial by jury; verdict for the defendant; plaintiff appeals.

The errors assigned relate to the admissibility of certain evidence, and the giving, refusing to give, and modifying certain instructions asked, as well as to the charge of the court.

*Clark & Doolittle* for the appellant.

No appearance for the appellee.

BALDWIN, C. J.—The plaintiff admits that the note in suit was not signed by the defendant; but it is claimed that it was signed by his daughter acting for him, and that he

subsequently ratified her action. Whether this is true or
not was a question of fact for the jury to determine.
Objections were made, during the trial, to the character
and form of certain questions asked the witnesses by defend-
ant.   Upon an examination of the errors thus assigned, we
find that, although some of the questions were technically
incorrect, yet the answers thereto tended to strengthen
rather than weaken the case of plaintiff.  If, therefore,
there was error, it was without prejudice.

The plaintiff's title to the property leased was made to
him by the sheriff, in pursuance of a levy and sale under
an execution against one Walters.   Walters claimed that
the sale was a fraud upon his rights, and refused to let the
plaintiff have peaceable possession under his deed, and noti-
fied the defendant not to leave the premises of plaintiff.

The plaintiff failed to bring either an action of forcible
entry and detainer, or ejectment to dispossess the tenant
of Walters, but claims that he was in possession, from the
fact that he went on the place, built fence, planted fruit
trees, &c., and made an arrangement with the tenant of
Walters to give up possession to him upon five days'
notice, &c.

Conceding the fact that the defendant ratified the act of
his daughter in signing his name to the note, we think the
defendant, under his plea of failure of consideration, could
show that the plaintiff was not in possession of the property
leased, and therefore could not comply with his contract
with defendant; and this he could do without placing him-
self in the position of a tenant disputing the title of his
landlord.

The question as to who had the right to the property
was not an issue for the jury to determine.   The evidence
objected to and asked to be excluded, did not tend to dis-
pute the plaintiff's title, but rather to show that defendant
could not take peaceable possession of the premises.

The court, by its modification of the instructions asked, virtually instructed the jury, that if the defendant ratified the act of his daughter in signing the note sued on, and the plaintiff had been in a position to give defendant quiet and peaceable possession of the premises, he ought to recover.

This we hold was the correct rule; and without undertaking to discuss the numerous errors assigned, we remark that we think the case was fairly presented to the jury by the court, and upon the evidence the verdict was right.

Affirmed.