HENRY S. IRETON v. BRIDGET IRETON *et al.*

**No. 10446.**

1. EVIDENCE—*testimony in case-made not competent between strangers without other proof that such testimony was actually given.* The testimony of witnesses, as recorded in a case-made may not be introduced in evidence on the trial of an action between strangers to the record, without proof by a competent witness that the testimony appearing in the case-made was actually given at the trial as therein recorded.

2. ——— *incompetent, not made competent by being set out in pleading of party offering it, though no motion made to strike it out.* Incompetent testimony is not rendered competent at the trial because set up in the pleadings of the party seeking to introduce it, notwithstanding the fact that the opposing party has failed to ask that it be stricken out.

3. LEASE—*does not estop tenant from disputing title unless his possession was taken or is held under it.* In order that a lease shall operate to estop a party therein named as lessee, who is in the possession of the land therein described, from denying the title of the lessor, it must appear that he has either obtained, or retained, possession under and by virtue of the lease.

Error from Cowley District Court. A. M. Jackson, Judge. Opinion filed February 5, 1898. *Reversed.*

*Madden & Buckman,* for plaintiff in error.

*Pollock & Lafferty,* for defendants in error.

ALLEN, J. The plaintiff in error, Henry S. Ireton, brought suit against the defendants in error, who are the widow and part of the children of John Ireton, deceased, to recover a quarter-section of land in Cowley County. The plaintiff was a son of John Ireton, by Elizabeth Ireton, his first wife, by whom he also had other children, who, on their own application, were made parties to the case, and filed an answer and cross-petition. The plaintiff claimed title to the land by virtue of a deed executed by John and Elizabeth Ireton on the fourth of September, 1874, re-

corded in the register of deeds' office on the eighteenth day of the same month. The evidence at the trial showed, without dispute, that John Ireton, with his family, had occupied the land in controversy, from the year 1874 until the time of his death, which occurred in 1893. Bridget Ireton was his third wife, and with her children, resided on the place at the time of the death of her husband, and has continued to occupy the land ever since. The plaintiff claimed that the occupancy by John Ireton was under a lease, executed by the plaintiff on the twelfth day of October, 1890, to John Ireton for the term of his natural life.

In an amended answer filed by the defendants, it was alleged that, in January, 1892, in an action brought by John Ireton against J. P. Baden to recover damages to the land in controversy, caused by raising a dam theretofore erected by Baden, Henry S. Ireton testified, as a witness on behalf of his father, that the deed he now relies on was never delivered to him, and that he never claimed any interest in the land. The answer also alleged that the testimony taken on the trial of that action was reduced to writing, and was afterward incorporated in a case-made which became one of the records of the District Court of Cowley County. On the trial of this case, the case-made referred to in the answer was offered in evidence by the defendants, and admitted over the objection of the plaintiff. It contained the pleadings, evidence, proceedings and verdict in that case. It shows, not only that Henry S. Ireton testified in behalf of his father substantially as stated in the defendant's answer, but also, that John Ireton testified to the same effect. The admission of this case-made is the first error complained of.

It was error to admit it. It was not a record binding on the plaintiff in this case. He was not a party

to it, and was in no manner responsible for what it contained. He occupied precisely the same legal relation to the action brought by his father against Baden that any other witness did. In the case of *Wright v. Wright*, 58 Kan. 525, 50 Pac. Rep. 444, we held that "an official court stenographer who has correctly taken the testimony of a witness may read his notes of such testimony as evidence upon a subsequent trial, although he has no independent recollection of such testimony, and can relate the same only by reading his notes thereof." As remarked by Chief Justice Doster in the opinion, the rule declared in that case relaxed the strictness of the old common law rule, which merely permitted a witness to refresh his memory by the use of memoranda, but required that the testimony when given should be based on recollection. The stenographer testified, in that case, that he had correctly taken the testimony and could read it from his short-hand notes, though he had no independent recollection of it. We held in that case, that the stenographer might be permitted to read the notes. In this case, however, the case-made was admitted without any proof that the evidence purporting to be contained in it had ever been correctly taken down or transcribed by any one. It had been settled in a case-made as true for the purpose of reviewing the proceedings on the trial of the matters in controversy between John Ireton and Baden, but it was not transcribed, nor settled as a truthful statement of the evidence given on that trial, bearing on the controversy in this case. It was not settled with reference to this case at all, nor could it have been.

The contention pressed by counsel with much earnestness, that this testimony was rendered competent

1. Testimony in case-made must be proven, when.

by the defendant's answer, is without force. A party may not render incompetent or irrelevant testimony competent merely by pleading it, nor does the failure of the opposing party to move to strike it out as irrelevant or redundant render it admissible. That the admission of this testimony was highly prejudicial to the plaintiff is apparent. It is likely, not merely to have weight, but to be regarded by the jury as decisive of the case.

*2. Incompetent evidence not made competent, when.*

The plaintiff asked the court to instruct the jury that, if John Ireton accepted a lease from the plaintiff, and remained in possession by virtue of it, the defendants would not be allowed to set up any title in themselves, hostile in character to the title which the plaintiff had at the time the lease was executed, while they remained in possession by virtue of such lease. While the general rule is that a tenant is estopped from denying the title of his landlord, it was an open question in this case whether the relation of lessor and lessee, ever, in fact, existed. It is not claimed on behalf of the plaintiff that he ever put his father into possession of the land under this lease. His father had held possession from the date of the deed in 1874 to the time of the execution of the lease in 1880, and he continued thereafter to occupy it as before. The mere fact of the execution of the lease by the plaintiff would not create an estoppel. That would arise only from the occupancy of the premises by John Ireton under and by virtue of it; and whether there ever was such an occupancy, as well as the question whether the deed under which the plaintiff claimed was ever delivered, were controverted questions of fact to be submitted to the jury. For the error in the admission of the case-made, the judgment must be reversed and the case remanded for a new trial.

*3. Lease does not estop tenant from disputing title, unless.*