Cook v. Cook.

---

No. 20,482.

## W. S. COOK, *Appellee*, v. W. O. COOK and NORA COOK, *Appellants*.

### SYLLABUS BY THE COURT.

1. ORAL GIFT OF LAND—*Father to Son—Communication with Person Since Deceased—Incompetent Evidence.* In ejectment the defendants (husband and wife) claimed under an oral gift from the plaintiff (the husband's father), followed by possession and improvements. *Held*, that the rejection of evidence that the plaintiff's wife, who had since died, had approved the gift, was not error, because, if offered to show title derived from her, it was incompetent under the statute relating to transactions with persons since deceased, and otherwise it was immaterial.

2. SAME—*Character of Evidence Required to Establish an Oral Gift of Land.* In such an action it is held that too great a burden was not placed upon the defendants by an instruction that a gift of land can not be inferred from slight circumstances, but must be proved by evidence of such a clear nature and quality as to satisfy the minds of the jury.

3. SAME—*Evidence — Subsequent Written Leases Not Conclusive — Instructions.* In·such an action, it being admitted that the son as lessee had executed a lease from his father, no error was committed in refusing a requested instruction to the effect that the defendants were not thereby estopped to·deny the plaintiff's title, if they had taken possession under the gift and made lasting and valuable improvements, where the jury were told that if the plaintiff gave them the land, and they took possession under the gift and made lasting and valuable improvements they were entitled to recover notwithstanding the execu-

tion of the lease, although as a reason it was stated that in such circumstances the lease would have been invalid for want of the wife's signature.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed December 9, 1916. Affirmed.

*Dennis Madden,* of Emporia, for the appellants.
*Owen S. Samuel,* and *Oscar B. Hartley,* both of Emporia, for the appellee.

The opinion of the court was delivered by

MASON, J.: On May 7, 1915, W. S. Cook brought ejectment against his son, W. O. Cook, and his son's wife, Nora Cook, for the possession of a farm. He recovered a judgment and defendants appeal.

The evidence showed that prior to 1902 the father owned the land; that in that year he gave possession to the son, who had ever since retained it. The son testified that he took possession under an oral gift, and made lasting and valuable improvements; that his father told him if he did all right he would probably make him a deed sometime; that he would pay the taxes as long as he lived, and would make a deed a little later on. The father denied the gift, and asserted that his son had been merely a tenant on shares; he produced several leases to that effect, saying that one had been executed each year, but that some of them had not been preserved. He also contended that the only improvements were of a slight and temporary character, and were made partly at his expense. The son denied that a lease was executed at the time he took possession, or for that year. He admitted executing several leases, and explained them by saying that he signed them to keep peace in the family. The errors assigned relate to the rejection of evidence and to the giving and refusal of instructions.

1. The son's wife testified that before they were married the plaintiff had promised to deed the farm to her husband and herself; that after the marriage and before they moved to the farm he said they were to have it and $500 to stock it up. She offered to testify that after the plaintiff had told her "to go down there, and he would deed them the land," his

Cook v. Cook.

wife, who had since died, said that "that suited her because the land belonged to her. That her money went in to buy it, and she wanted him to do that." This testimony was ruled out. If it was offered on the theory of showing that the defendants had derived title from the plaintiff's wife the ruling was correct under the statutory provision which forbids any one to testify in his own behalf to a transaction with a person since deceased, "where either party to the action claims to have acquired title, directly or indirectly from such deceased person." (Laws 1911, ch. 229, § 1.) If offered for any other purpose its exclusion can not be regarded as vitally important. The witness had testified directly to the promise made by her husband's father. Her statement that the mother was present and expressed her approval added nothing to the force of the testimony beyond, perhaps, such corroboration as might be deemed to result from the statement of collateral details, unimportant in themselves.

The son testified that in December, 1906, he had told his mother, in his father's presence, that his father had given him notice to leave the premises on the first of the next March. He was asked what had occurred at the time of the conversation, and answered that he had told her he had been given a written notice to leave. This answer was stricken out on an objection by the plaintiff. The defendants then offered to show that the mother had said she wanted her son to occupy the farm, and to give his father a written lease, so as to keep peace in the family, and that this was one of the reasons for his signing the lease. This offer was not rejected, but the judge said: "That won't respond to your question at all. Ask the question along that line." Further questions were then asked and answered, but the following question and answer were stricken out on the plaintiff's objection that they were within the statutory rule referred to: "Q. What was agreed to between you? A. Of course she told me not to move, that I did n't have to." What has already been said of the rejected offer applies as well to the evidence stricken out—if the statement of the mother was intended to establish a claim to the property derived through her it was incompetent; if it was offered for any other purpose it was not sufficiently material to furnish a basis for reversal.

23—99 KAN.

2. Complaint is made of the giving of an instruction, the material part of which was in these words:

"While less positive proof is required to establish a parol gift of land from father to son, than between persons not so related, you are not warranted in inferring a gift from slight circumstances. The proof must be by a preponderance of the evidence, and must be of such a clear nature and quality as satisfies your mind that the gift was actually made."

The portions of the instruction objected to are those declaring that a gift is not to be inferred from slight circumstances, and that the proof on the subject must be of such a clear nature and quality as to satisfy the mind. The statute of frauds requires the transfer of the title to real estate to be accomplished by a written instrument. (Gen Stat. 1909, § 3837.) Where an oral gift is enforced because it has been followed by the making of such improvements that to deny enforcement would be unjust and inequitable, the proof is required to be made by something more than a mere preponderance of the evidence. (Note, 9 L. R. A., n. s., 508.) It is said that "the gift must be shown by clear and convincing proof" (*Flanigan v. Waters,* 57 Kan. 18, 21, 45 Pac. 56); that even as between parent and child "the evidence thereof must be positive and unambiguous and the terms clearly defined" (29 Cyc. 1658). We do not think the instruction complained of placed too great a burden on the defendants.

3. The defendants also complain of the refusal to give instructions requested to the effect that the execution of the leases by the son did not estop them to deny the plaintiff's title, if they took possession of the land under the gift; and that if the gift was made, and they took possession under it, and made valuable and lasting improvements, they should recover, notwithstanding the leases. For the leases to have operated as an estoppel it was necessary that the defendants should have either obtained possession or retained it by virtue of them. (*Ireton v. Ireton,* 59 Kan. 92, 52 Pac. 74.) But the instructions given were sufficient to protect the interest of the defendants in this regard. The fact that the case was submitted to the jury for their decision implied that the defendants were not necessarily estopped by the leases, for their execution was admitted, and if that in itself had amounted to an estoppel, nothing would have been left to try. But explicit

instructions were also given to the effect that if the plaintiff gave the defendants the land, and they took possession under the gift and made lasting and valuable improvements, they were entitled to a verdict, notwithstanding the subsequent execution of a lease by the son. It is true, the court stated as a reason why a lease would not work an estoppel in such circumstances that the place would have become their homestead, and the wife's signature would have been necessary to its validity. But the reason stated for the rule by which the jury were to be guided, or the omission to state some other sufficient reason, could not prejudice the defendants, so long as the findings of fact necessary to a verdict were correctly enumerated. The charge required a verdict for the defendants if the jury believed (1) that the plaintiff had given them the land; (2) that they had taken possession under the gift, and (3) had made valuable and lasting improvements. The verdict for the plaintiff, therefore, implied a finding against the defendants on at least one of the matters indicated, and, therefore, justified the judgment that was rendered, since a concurrence of the three was necessary to a different result.

The judgment is affirmed.