No. 24,494.

ANNA T. KLEIN, *Appellant,* v. MABEL T. BLACKSHERE and J. R.
BLACKSHERE, her Husband, *Appellees.*

### SYLLABUS BY THE COURT.

1. ORAL GIFTS—*Nature of Evidence Required to Establish an Oral Gift of
   Land.* The rule is followed that although more than a mere preponderance
   of the evidence is required to establish an oral gift of land the trial court
   is presumed to have correctly applied that test and a finding that such gift
   was made will not be disturbed on appeal if there is substantial evidence to
   sustain it, as is held to be the fact in the present case. ·

2. SAME—*Oral Gift of Land—Conversation with Giver Since Deceased—In-
   competent Evidence.* Where a party claiming land under an alleged oral
   gift from a person since deceased testifies to having bought and improved
   an adjacent tract as a result of a conversation with such decedent this is in
   effect stating the character of the conversation and is within the prohibition
   of the statute.

3. SAME—*Nature of Evidence Required to Establish—Certain Requested In-
   struction Erroneously Refused.* Upon the issue whether a father had made
   an oral gift of land to his daughter, where an instruction that this was re-
   quired to be proved by a preponderance of the evidence was followed by the
   statement that less positive and unequivocal proof was necessary than if
   the parties to the transaction had not been so related, a request to instruct
   that the proof must be of such a clear nature and quality as satisfied the
   mind of the jury that the gift was actually made should have been granted.

4. SAME—*Gift of Land—When Treated as an Advancement.* Under the stat-
   ute providing that property given by an intestate by way of advancement to
   an heir shall be considered part of his estate so far as regards its division,
   land given to the sole child of the intestate may in a proper case be treated
   as an advancement, for the purpose of determining the disposition of the
   remainder of the property between the child and the widow. The usual
   presumption that a gift to a child is intended as an advancement rather
   than a preference obtains in such a case. And it is held that in the present
   instance there was no evidence tending to overcome that presumption.

Appeal from Chase district court; WILLIAM C. HARRIS, judge. Opinion
filed May 12, 1923. Reversed.

*H. E. Ganse,* and *Gilbert H. Frith,* both of Emporia, for the appellant.
*Owen S. Samuel,* of Emporia, for the appellees.

The opinion of the court was delivered by

MASON, J.: In March, 1921, C. H. Klein died intestate leaving a
widow, Anna T. Klein, and an only child, Mabel T. Blackshere, the
daughter of a former wife, who died in 1905. At the time of his

death he held the legal title to two quarter sections of land lying near each other and was also the owner of other real estate. His widow brought this action against his daughter (whose husband was also made a defendant) for possession and partition of the two quarters referred to, claiming a half interest therein. The daughter (who will be referred to as the defendant) answered asserting full equitable title under an oral gift from her father made in 1893 when she was 16 years old, followed by continuous occupancy and the making of permanent and valuable improvements. The plaintiff denied such gift but pleaded further that if it had been made it was intended as an advancement and should be charged to the defendant in determining the extent of her share in her father's estate. A jury returned a general verdict in favor of the defendant and found specifically that her father gave her the property in controversy and that it was not intended as an advancement. Judgment was rendered in accordance with these findings and the plaintiff appeals.

1. The plaintiff contends that the evidence was not sufficient to sustain the finding that the defendant's father gave her the land. There was testimony to this effect: He had on several occasions told other persons that the land belonged to her—referring in some cases to but one of the quarters but at times to both. In one instance he said to the tenant that he had given it to her and had had a deed made out but had not executed it for fear the property would be wasted, and that he would do so later on. He handled the land for her and turned the rent over to her for many years, during which time she paid the taxes. After her marriage (in 1898) she and her husband rented it to others or worked it themselves. They improved it and a forty-acre tract which they purchased to use in connection with it, expending in this way considerable sums.

From this statement it is obvious that there was substantial evidence in favor of the defendant's claim of title. The plaintiff argues that an oral gift of land can be established only by clear and convincing evidence, and that this requirement was not met, particularly in view of the fact that a number of leases of the property and receipts for rent were signed by the defendant's father in his own name, some of the dates being as late as 1908, and evidence was introduced that in 1912 he had caused a will to be drawn (which, however, was not executed) undertaking to give a life estate in the land in controversy to the defendant, with a remainder to her

Klein v. Blackshere.

children, his widow to have the rest of his real estate, estimated to be of substantially equal value, a provision being made for equalizing any difference in the values by a payment of money. The rule that certain matters require more than a mere preponderance of evidence for their proof is one to be applied by the trial court and "where the findings are supported by competent and substantial testimony it will be presumed that the district court applied the proper test in weighing the evidence and finding the facts." (*Wooddell v. Allbrecht,* 80 Kan. 736, 104 Pac. 559, Syl.) "Even in a criminal case, where the guilt of the defendant must be proven beyond a reasonable doubt, a verdict supported by substantial testimony is conclusive upon the reviewing court." (*Leverton v. Rork,* 74 Kan. 832, 85 Pac. 800.)

2. Complaint is made that the defendant was permitted to testify to a communication had personally by her with her father in violation of the statute. (Civ. Code, § 320.) She testified that when she and her husband returned from a trip to California she had a conversation with her father about the property in controversy. She was then asked, "Now, as a result of that conversation with your father, without stating what it was, what was done with regard to the purchase of any more land?" She answered, "We bought forty acres of land higher up and we have a small house on it." Upon further examination she added that $18,000 or $20,000 was spent in improving the forty acres; that it was higher than the other land and the improvements were placed on it to get away from the danger of high water. For the witness to testify that as a result of the conversation the forty acre tract was bought and improved was equivalent to her testifying that in the course in the conversation her father said something that justified or related to the purchase and improvement, and the character of what was said became a fair matter for surmise or inference by the jury, for otherwise the evidence was without force. A natural supposition would be that the talk confirmed the defendant's title and encouraged her and her husband to make large expenditures in reliance upon her ownership of the land here in controversy, or included advice with reference to the use of the new tract in connection with it. At all events the effect of the evidence was to permit the jury to speculate as to the purport of the conversation. Of a somewhat similar situation it has been said: "A plaintiff in an action against an administrator may ordinarily testify to his

own conduct. But whenever his conduct is of such a character that in describing what he did himself he necessarily attributes to the decedent some act or attitude with respect thereto the incident which is the subject of the testimony is shown to relate to a transaction participated in by the two parties, which must be shown, if at all, by other witnesses." (*Clifton v. Meuser*, 79 Kan. 655, 660, 100 Pac. 645.) A witness many ordinarily testify that he had done certain acts which would obviously benefit a person who has since died and against whose estate he is on that account presenting a claim (*Lee v. Downing*, ante, p. 329), but if he were asked whether what he did was the result of a conversation with the decedent he would clearly be incompetent to answer it.

The defendant suggests that any error in the admission of this testimony was waived because the witness was permitted to testify without objection to the making of improvements upon the tract purchased. The question and answer quoted are not objectionable because they show that the forty acre tract was bought and improved but because they indicate that the purchase and improvements were the result of the conversation.

3. Complaint is also made of the refusal to give an instruction reading:

"You are instructed that while less positive proof is required to establish a parol gift of land from father to daughter, than between persons not so related, you are not warranted in inferring a gift from slight circumstances. The proof must be of such a clear nature and quality as satisfies your mind that the gift was actually made."

An instruction of which this is practically a paraphrase has been said by this court not to place too great a burden on a claimant under similar conditions. (*Cook v. Cook*, 99 Kan. 351, 354, 161 Pac. 625.) "An oral agreement that operates as a transfer of land must, of course, be made out by clear and satisfactory proof." (*Bichel v. Oliver*, 77 Kan. 696, 700, 95 Pac. 396.) "Where a contract for the sale of land rests in parol, the evidence of the making of the contract must be clear and convincing." (36 Cyc. 689.) Even where the issue is whether a fraud was committed the mere giving of the usual instruction that the verdict is to be in accordance with the preponderance of the evidence has been held not to require a reversal where no more specific instruction was asked and where no language was used in the charge tending to minimize the degree of proof required.

(*Hewey v. Fouts*, 91 Kan. 680, 139 Pac. 407.) Here the instruction that the burden was on the defendant to prove the gift by a preponderance of the evidence was followed by the statement that "less positive and unequivocal proof is required to establish a gift from a father to a child than between parties not so related." This had sufficient tendency to qualify the test already given so that the giving of the requested instruction or its equivalent was desirable to guard against a misapprehension by the jury.

4. The jury were instructed that the gift of the land to the defendant by her father (assuming it to have been made) was presumed to have been an advancement, and the burden was upon her to show the contrary. Under this instruction we think the finding of the jury that the gift was not made as an advancement was not supported by the evidence. We discover nothing in the testimony, the general scope of which is indicated by what has already been said, having any tendency to show that if the land was given to the defendant it was intended as a preferential gift rather than as an advancement. The land appears to have represented approximately half of what the intestate owned—at all events he is not shown to have had so much property that this gift would not have seriously diminished his estate. The age of the defendant when the gift was made (sixteen) was as consistent with the theory of advancement as of preference. She and her mother were the only persons then reasonably within contemplation as the probable sharers in her father's estate. Without some specific reason, which we do not find in the evidence, he can hardly be regarded as intending to give her at once substantially half of what he was worth with the expectation that at his death she would share equally with her mother in the remaining half. Indeed, he could not have intended her to become the full owner of the land given her, for to accomplish that result the signature of her mother to a deed would have been required. Nor is it reasonable to suppose that he contemplated the changes that later occurred—the death of his wife and his remarriage—which altered the situation in the respect just suggested.

The doctrine of advancement is ordinarily held not to apply to gifts made by a husband to his wife. (18 C. J. 914; Thornton on Gifts and Advancements, § 605; 2 Enc. L. & P. 327.) The term used in a colloquial sense has sometimes been applied to such a gift, but only as indicating its validity against the husband's creditors. (1 R.

C. L. 665.) And under the usual statutory provisions the widow derives no benefit from a judgment holding a gift from her husband to his child to have been intended as an advancement. (18 C. J. 927; Thornton on Gifts and Advancement, § 605; 2 Encyc. of L. & P. 340-1.) However, statutes relating to advancements generally refer to gifts to children or descendants, while ours reads:

"Property given by an intestate, by way of advancement to an heir, shall be considered part of the estate, so far as regards the division and distribution thereof, and shall be taken by such heir toward his part of the estate at what it would now be worth if in the condition in which it was so given him." (Gen. Stat. 1915, § 3848, adopted in 1868.)

"Generally speaking, the word 'heirs' does not include the widow." (Note, L. R. A. 1918 A 1109.) But under out statutes the widow is an heir of her husband. (*Dodge v. Beeler*, 12 Kan. 524; *Newby v. Anderson*, 106 Kan. 477, 188 Pac. 438. Since the statute in terms includes her and she is within the reason of the advancement doctrine we see no ground for her exclusion from its benefits or burdens, or for applying any other than the ordinary rule of presumption where she is concerned. The section of the statute just quoted was taken from that of Iowa. (Laws of Iowa, Revision of 1860, § 2445.) The court of that state (in a decision from which the chief justice dissented) has held that the widow's share in her husband's estate is not increased by a gift to his child being held to be an advancement. (*In re Will of Miller*, 73 Iowa, 118, decided in 1887.) There, however, the widow has a dower interest in her husband's realty, and is not regarded as an heir. (*Braun v. Mathieson*, 139 Iowa, 409, 413.) We conclude that the law was correctly stated in the instruction that the gift, if made to the defendant, was presumed to be an advancement.

The judgment is reversed and the cause is remanded for further proceedings. A new trial will not be ordered, because the plaintiff has consented that the decision that the land was given to the defendant may stand if it is held to have been intended as an advancement. In view of this consent the trial court is directed to render judgment decreeing the defendant to be the owner of the land, but to have received it as an advancement.