**FOSTER, Adm'x, v. FOCHT et al.**

No. 15068—Opinion Filed Sept. 16, 1924.

(Syllabus.)

1. **Judgment — Sufficiency of Petition on Collateral Attack.**

The statement of a cause of action in a petition is not essential to the jurisdiction of a court of record when the judgment rendered thereon is collaterally attacked.

2. **Notice—Legal Notice—Trifling Errors.**

Trifling technical errors in a legal notice, which in no wise prevent the reader from quickly learning therefrom all the facts which he would otherwise ascertain thereby, do not impair the legal sufficiency thereof.

3. **Landlord and Tenant—Denial of Lessor's Title—Estoppel of Lessee.**

"In order that a lease shall operate to estop a party therein named as lessee, who is in the possession of the land therein described, from denying the title of the lessor, it must appear that he has either obtained or retained possession under and by virtue of the lease." Ireton v. Ireton, 59 Kan. 95, 52 Pac. 74.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Lula H. Foster, administratrix, against Adam Focht et al. Judgment for defendants, and plaintiff brings error. Affirmed.

E. J. Broaddus, for plaintiff in error.

Wilcox & Swank, Streeter Speakman, Earl G. Browne, Mason & Honnold, James B. Diggs, William C. Liedtke, and Redmond S. Cole, for defendants in error.

LYDICK, J. This action was begun in the district court of Creek county by Lula H. Foster, as the administratrix of the estate of John D. Hutton, deceased, against Adam Focht et al. for the possession of certain real estate adversely held by the defendants, and to quiet plaintiff's title thereto. The title of the defendants to the real estate involved rested primarily upon a guardian's deed, executed on December 29, 1909, by C. O. Potter as guardian of the estate of said John D. Hutton, then a minor and now deceased, conveying said land unto Lee Patrick as grantee. Said guardian's deed was executed in the matter of the guardianship proceedings then had in the county court of McIntosh county, where said minor then resided. This action constitutes a collateral attack upon the judgment of the county court ordering and confirming such sale and the execution and delivery of the guardian's deed. The lower court sustained the demurrer of the defendants to the plaintiff's petition, and upon the refusal to plead further, dismissed her case, and she appeals to this court.

No fraud is charged in the petition. Plaintiff relies solely upon facts pleaded which she claims show lack of jurisdiction

in the county court to order and confirm the guardian's sale. It is first urged by the plaintiff that the allegations of the guardian's petition for sale of the real estate are insufficient. In a lengthy and argumentative discussion and review of authorities, we held in the case of Abraham v. Homer, 102 Okla. 12, 226 Pac. 45, that—

"It is not material to the jurisdiction of the court that a cause of action be either pleaded or proven."

The rule was re-affirmed by Mr. Justice Warren, speaking for the court, in the case of Fowler et al. v. Margarut Pillsbury Gen. Hospital et al., 102 Okla. 203, 226 Pac. 76.

The allegations of plaintiff's petition as to the insufficiency of the guardian's petition for a sale of real estate do not constitute a cause of action in this collateral attack.

Because, by typographical error in the printed notice of sale, one letter was omitted from a word, although its meaning was clearly apparent, and one line of type was inverted, the sufficiency of the notice is attacked by voluminous pleading and extensive verbiage in the plaintiff's brief, but the only purpose well served by the pleading of such trivial technicalities is to impose upon the time of a heavily burdened court and to record the absurdity of the pleader.

Plaintiff further alleges in her petition that the notice of sale of this minor's land contained also a notice of the sale of the lands of another minor in a separate guardianship matter then pending in the same county court, both wards having the same guardian. The lands were separately appraised and sold, and the proceedings as to the sale of the lands of John D. Hutton, the minor here involved, were in no manner connected with the other guardianship proceeding. The notice contains all that is by law required as to the sale of this land, and the insertion therein of notice of the sale of other land not here involved does no injury to the proceeding for the sale of the lands in litigation here. No confusion of the interests of the minors occurred. The case of Jackson v. Carroll, 86 Okla. 230, 207 Pac. 735, is not in point. Such a sale was held to be valid on collateral attack in an opinion by Mr. Justice Nicholson, speaking for the court, in the case of Johnson v. James, 101 Okla. 140, 223 Pac. 843.

Some criticism of the formalities of the appraisement of the land is pleaded, but the objections made thereto are admittedly insufficient under the rule which we announced in Tiger v. Drumright et al., 95 Okla. 174, 217 Pac. 453, and in Ross et al. v. Groom et al., 90 Okla. 270, 217 Pac. 480.

Complaint is made by the plaintiff that the order of sale does not contain a recital that the court found the facts proven to show, as provided in section 556, Comp. Stats. 1921, that it was for the best interest of the ward that the land be sold; or, in other words, that a cause of action had been proven. The county court is a court of record, and to its judgment there is accorded the same legal presumption as to the district court's. No finding of facts proven or found need be recited in the journal entry of judgment. See section 556, Comp. Stats. 1921.

Litigants should raise their sight above the mere technical rules adopted solely as an advisable course for the advancement of cases through the courts, and listen to the appeals of conscience as to the basis on which relief is sought. A little more direct attention might well be given to the progress of a case to its original judgment, rather than such grievous collateral assaults thereon after the relentless and ever active hand of Father Time has cycled into eternity witnesses most material and documentary evidence has been lost and destroyed. Alleging no fraud, complaining of no unjust treatment and asserting no loss, and after innocent purchasers have for 14 years in good faith invested their earnings in the title to this land, the plaintiff brings this case to take property from them without even the suggestion of equity or moral right so to do. Seldom is an action found which is based on more technical technicalities and so wholly void of equitable justice as this long-delayed assault upon this deed. The lower court held the deed valid, and so do we.

It was in December, 1909, that the guardian of this minor executed and delivered the deed herein held valid. From that time such grantee and those claiming through this guardian's deed have continuously held the exclusive and peaceable possession of said premises and collected all the rents and profits therefrom, to the complete exclusion for many years of such minor and his heirs and the administratrix of his estate. In her petition the plaintiff, here admitting the aforesaid facts, pleads that on December 9, 1914, the minor's guardian executed and delivered an oil and gas mining lease on said land to Robert H. Searcy which has been duly received.

"That said lease was assigned by Robert

H. Searcy to the McMan Oil Company, a corporation, and assigned by the McMan Oil Company to the Gypsy Oil Company, a corporation, defendant; that said Gypsy Oil Company drilled many wells on said land and produced oil and gas in great quantities therefrom."

Plaintiff says that she is entitled to recover the royalties therefrom, but that same have been paid over by the Gypsy Oil Company to the other defendants. She says in her brief that because of the general rule that a tenant cannot dispute his landlord's title, she is entitled to a judgment for such royalties notwithstanding the validity of the guardian's deed. She cites 18 R. C. L., "Mines." sec. 113, page 1212; 16 R. C. L. "Landlord & Tenant," sec 147, page 660; Hamilton v. Pittock (Pa.) 27 Atl. 1079; Campbell et al. v. Short et al., 65 Okla. 312, 166 Pac. 438.

It is not alleged that Robert H. Searcy, the original lessee, or the McMan Oil Company, his assignee, were ever put in possession of the premises. It will be observed that the petition contains no allegations that the Gypsy Oil Company ever accepted the lease or this assignment thereof or did any act acknowledging the validity of the lease or the assignment to it made, or that it took or held possession of the premises as tenant of the lessor therein.

The following authorities discuss these defects in the petition: Taylor's Landlord & Tenant, sec. 84-87; Jones' Landlord & Tenant, sec. 694, page 811; 24 Cyc. 937, par 3: Ireton v. Ireton. 59 Kan. 95, 52 Pac. 74; Rives v. Gulf Refin. Co., 133 La. 178, 62 South. 623; William James Sons' Co. v. Hutchinson. 72 W. Va. 488 80 S. E. 768; 18 Am. & Eng. Cyc. Law, 414; Lockwood et al. v. Carter Oil Co. et al., 73 W. Va. 30, 80 S E. 814; H. K. Parter Co. v. Boyd, 171 Fed. 305; Pilyou v. Reynolds, 108 N. Y. 558, 15 N. E. 534; Martin's Heirs v. Reynolds et al., 9 Dana (Ky.) 328; Fuller v. Sweet, 30 Mich. 239; Crim v. Nelms, 78 Ala. 604; Wright v. Graves, 80 Ala. 416; Andrews v. Woodcock, 14 Iowa, 397; Hall v. Benner, 1 Penrose & Watts, 402; Welch v. Johnson, 27 Okla. 518, 112 Pac. 989.

We approve the rule announced by the Supreme Court of Kansas in Ireton v. Ireton, supra.

"In order that a lease shall operate to estop a party therein named as lessee, who is in the possession of the land therein described, from denying the title of the lessor, it must appear that he has either obtained or retained possession under and by virtue of the lease." Ireton v. Ireton, 59 Kan. 95, 52 Pac. 74.

The petition of plaintiff fails to state a cause of action for the recovery of royalties from the Gypsy Oil Company.

The judgment of the lower court is affirmed.

McNEILL, C. J., and BRANSON. MASON, WARREN, GORDON, and JOHNSON, JJ., concur.