B___ J___ M___, Appellant,

v.

**Marjorie S. MOORE, Supervisor, Texas Department of Public Welfare for the State of Texas, Appellee.**

**No. 19910.**

Court of Civil Appeals of Texas, Dallas.

May 30, 1979.

Richard Bosworth, Greenville, for appellant.

Fredrick C. Shelton, Jr., County Atty., Hunt County, Greenville, Richard A. Beacom, Jr., Guardian Ad Litem, Greenville, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

A mother appeals from the trial court's termination of her parental rights to her two children under Tex. Fam. Code Ann. § 15.02(1)(D) (Vernon Supp. 1978–1979), which allows termination if the court finds the parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." The issue is whether the Department of Public Welfare produced any evidence that the mother, who is mentally retarded, "knowingly" neglected her children. We affirm.

Appellant contends first, the court erred in finding her *mildly* mentally retarded because the evidence conclusively proved as a matter of law that she was so retarded as to be mentally incompetent. Second, she claims that as a matter of law the evidence reveals she does not have the requisite intent to have her parental rights terminated under section 15.02(1)(D). Because appellant did not have the burden of proof below, her points are really "no evidence" points. In considering these legal sufficiency points we must view the record in the light most favorable to the findings of the trial court. *D___ F___ v. State,* 525 S.W.2d 933 (Tex.Civ.App.-Houston [1st Dist.] 1975, no writ).

The trial court made findings of fact and conclusions of law. Findings most pertinent to the issues presented on appeal are that appellant "is mildly mentally retarded," "cannot be taught 'mothering skills'," and "cannot meet the physical needs and requirements of raising her children." Other findings list the condition of the family's apartment and the children. The undisputed evidence shows that appellant keeps an unsanitary and cluttered apartment. The children have not been properly fed and have not received proper attention in order to learn to walk and talk normally. Psychological tests indicate they are deprived and in need of better care to develop normally. The court concluded as a matter of

law that appellant knowingly allowed the children to remain in conditions or surroundings which endangered their physical and emotional well-being, and that termination would be in the best interests of the children.

Appellant filed only a partial statement of facts, which she designated an agreed statement of facts on appellant's mental competency. Included was the testimony of a psychiatrist at Terrell State Hospital. He stated that she could not be taught mothering skills, that she was medically incompetent and could not take care of herself, that she was incompetent to provide the children's physical needs, and that the child's best interest would be to take them from their mother's custody. He also testified that appellant had an IQ of 41, which he interpreted as "moderate mental retardation."

The Department of Public Welfare's only other witness was a staff psychologist at Greeenville Outreach Center. He testified that in his professional opinion, appellant could not be taught mothering skills, that she was operating intellectually as a six-year old, and that an IQ of 41 would be consistent with his observations of appellant.

The psychiatrist's evaluation of appellant as "moderately mentally retarded" was the only expert evaluation in the record of her level of retardation. We cannot hold that this evaluation was wrong as a matter of law because we are not qualified to judge what degree of mental retardation would be classified as "moderate." We can, however, look at the evidence as it bears on appellant's second point, her ability to "knowingly" place or allow the children to remain in dangerous conditions.

■ We first note appellee did not file a brief in this appeal. Therefore, we can accept appellant's fact statements, not contested by appellee, as true without examining the record. Tex. R. Civ. P. 419. Appellant refers to the partial statement of facts as an agreed statement of facts "of all the testimony at the trial relative to the mental capacity of the mother." We accept this as true.

■ While the trial judge did not make any findings of fact of appellant's knowledge, he did conclude as a matter of law that appellant knowingly placed or allowed her children to remain in dangerous conditions. A parent's knowing neglect is a fact which must be established to terminate under section 15.02(1)(D). We consider this conclusion of law as a finding of fact. *McAshan v. Cavitt*, 149 Tex. 147, 229 S.W.2d 1016, 1020 (1950).

■ The partial statement of facts filed in this case was an agreed statement only as to evidence of appellant's mental capacity. Although the statement of facts reveals this mother's low level of mental ability, we do not hold that this evidence, as a matter of law, negates appellant's ability to knowingly neglect her children. We cannot assume that a person with the mental capacity of a six-year-old child is incapable of knowledge that the conditions under which small children are living are dangerous to their physical and emotional well-being. In addition, since appellant filed only a partial statement of facts, we must presume that there was other evidence which supports the finding of knowing neglect. *Englander Co. v. Kennedy*, 424 S.W.2d 305, 308 (Tex.Civ.App.-Dallas, 1968), *writ ref'd n.r.e. per curiam*, 428 S.W.2d 806 (Tex. 1968).

Affirmed.