**In the Interest of A.L.F., a Child.**

**No. 09 84 275 CV.**

Court of Appeals of Texas, Beaumont.

April 19, 1985.

Rehearing Denied May 9, 1985.

Walter P. Fontenot, Liberty, for appellant.

Malcolm Cohn, Cleveland, for appellee.

OPINION

DIES, Chief Justice.

On December 9, 1983, after a non-jury trial, the court below terminated the parent-child relationship to A.L.F., an eight-month-old female. The mother has brought this appeal.[1] The appellees are a couple who had possession of the baby for some time and desire to formally adopt the child.

The court's decree, inter alia, recites:

"The Court finds that [appellant-mother] has: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; and her parental rights ought to be terminated.

"The Court also finds that termination of the parent-child relationship between [mother] and the child is in the best interest of the child."[2]

■ We must begin by emphasizing that a change of custody proceeding and a termination of parental relationship action are

---

1. The mother's husband at the birth of A.L.F. was not the child's father. The husband gave his consent for appellees' adopting the child, and testified at the trial for the appellees.

2. See *TEX.FAM.CODE ANN. sec. 15.02(1)(D) & (E) and (2)* (Vernon Pamph.Supp.1975 to 1985).

far different in their requirements of proof. The latter (of which we must ascertain herein, of course) requires *clear and convincing proof.*[3] (emphasis supplied) *In Interest of G.M.,* 596 S.W.2d 846 (Tex. 1980).

Our Supreme Court has used strong language in characterizing the requirements to sever the parent-child relationship. For example, in *Wiley v. Spratlan,* 543 S.W.2d 349, 352 (Tex.1976), we find:

> "Actions which break the ties between a parent and child 'can never be justified without the most solid and substantial reasons.' *State v. Deaton,* 93 Tex. 243, 54 S.W. 901 (1900). Particularly in an action which permanently sunders those ties, should the proceedings be strictly scrutinized. This court has always recognized the strong presumption that the best interest of a minor is usually served by keeping custody in the natural parents. [citing authorities]
>
> . . . .
>
> \*     \*     \*     \*     \*     \*
>
> "The natural right which exists between parents and their children is one of constitutional dimensions. [citing authorities]...."

Our Supreme Court has certainly not backed up on this attitude for, while this opinion was being written, a copy of *Holick v. Smith,* 685 S.W.2d 18 (Tex.1985), was received by this Court. In addition to reiterating its previous statements (some of which are above quoted), we find on page 20 of the decision this important guide:

> "Consequently, termination proceedings should be strictly scrutinized, and involuntary termination statutes are strictly construed in favor of the parent. [citing authorities]"

 The case against appellant herein is that she had extramarital relations (before the birth of A.L.F. and some known by her husband at the time of A.L.F.'s birth). There is some testimony that she (appellant) at times did not keep the child as clean as she could have, and that she and her husband once lived in a relative's house with twelve or thirteen other persons. In all fairness, however, there is evidence appellant loves A.L.F. and is a good mother. None of the evidence suggests appellant ever abused the child.

On the basis of the decisions we have cited and discussed above, we find there is no evidence to justify the termination of the mother's parent-child relationship. We, therefore, sustain appellant's first point of error and reverse the decree of the trial court.

Reversed.

---

**3.** "... 'that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *In Interest of G.M., supra,* at 847, quoting from *State v. Addington,* 588 S.W.2d 569, 570 (Tex.1979).