**E.L.B., Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 13–87–143–CV.

Court of Appeals of Texas, Corpus Christi.

June 30, 1987.

Jesus L. Santos, Sinton, for appellant.

James L. Anderson, Jr., S. Reese Rozzell, Rockport, Richard D. Hatch, III, Aransas Pass, William G. Walston, Jr., Rockport, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

A mother appeals from the trial court's termination of her parental rights to her two daughters pursuant to Tex.Fam.Code Ann. § 15.02(1)(D) & (E) (Vernon 1986). The matter was tried to the court which found clear and convincing evidence to justify termination. We affirm.

Tex.Fam.Code Ann. § 15.02 provides in part:

> A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:
>
> (1) the parent has:
>
> \* \* \* \* \* \*
>
> (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or
>
> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; ...
>
> \* \* \* \* \* \*
>
> (2) termination is in the best interest of the child.

Appellant complains that the trial court erred in terminating her parental rights because there was not clear and convincing evidence to support that action. Appellant argues that *In re A.L.F.*, 690 S.W.2d 106 (Tex.App.—Beaumont 1985, no writ), is authority for her position that appellee did not prove she was an unfit or neglectful mother by clear and convincing evidence. In *A.L.F.*, the court reversed a termination because there was no evidence to justify termination. The court determined the fact that the mother had extramarital relations, did not keep the children as clean as she should have, and once lived in a relative's home with twelve or thirteen other people was no justification for termination, especially in light of evidence that she loved her children and was a good mother. *A.L.F.* is completely distinguishable from the instant case.

The record before us is replete with testimony regarding the deplorable and neglectful conditions to which appellant subjected her children. When the children were taken from her, they were unwashed, dressed in filthy, soiled clothes, and infested with lice. The home in which the children lived was kept in a similar condition. The house was full of old newspapers and garbage and had heaps of dirty clothes lying about. There was no running water or electricity nor edible food in the refrigerator. The six-month-old baby was diagnosed as having gonorrhea, which the record reflects is a significant indication of sexual abuse. There was also evidence the baby was given adult aspirin when she had a high fever. Appellant and her children constantly changed residences and lived with a whole host of appellant's relatives. A psychological evaluation of the oldest child, who was four years old at the time, revealed that developmentally she was functioning at a level two years below normal, although she was of average intelligence. There was also evidence that she suffered from speech abnormalities due to environmental influences rather than organic causes.

A psychological evaluation of appellant revealed that she was mildly retarded with an IQ of sixty and with a developmental age of eight years, eleven months. She was twenty-three years old at the time. She had no concept of time and had visual motor problems. Her personal hygiene and grooming were inadequate. She wore dirty clothes, her hair was unkept, and her teeth were not clean. She possessed severely limited behavior and living skills. The evidence reflects that appellant was not able to properly care for herself or her children. She did not function as an independent adult, but was heavily dependent on her family. Attempts at counseling appellant and teaching her minimal independent living skills were unsuccessful. An expert testified that appellant could best be helped by leaving her present environment and living in a residential half-way house where she could be more intensively counseled and trained. Appellant refused this alternative because she did not want to leave her family.

The standard of proof in an involuntary termination proceeding is clear and convincing evidence. *In re G.M.*, 596 S.W.2d 846, 847 (Tex.1980). Mental incompetence or mental illness alone is not grounds for termination of the parent-child relationship. *Carter v. Dallas County Child Welfare Unit*, 532 S.W.2d 140, 141–

42 (Tex.Civ.App.—Dallas 1975, no writ). However, appellant's limited mental capacity does not, as a matter of law, negate her ability to knowingly neglect her children. *B.J.M. v. Moore*, 582 S.W.2d 619, 621 (Tex. Civ.App.—Dallas 1979, no writ). We will not assume that a person with the mental capacity of an eight-year-old is incapable of knowledge or awareness that these living conditions were dangerous to the physical and emotional well-being of these small children. There was evidence that appellant repeatedly promised to improve the living conditions for herself and her children, but she did not. At the conclusion of all of the testimony, the very able trial judge announced that the evidence was clear and convincing to terminate appellant's parental rights under Section 15.-02(1)(D) & (E), and that this action would be in the best interest of the children. We have reviewed the entire record and agree. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.