

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-12-0448-CV
_____

IN RE B.M.O., M.T., and V.T., CHILDREN

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2010-552,555, Honorable Judge Ruben Reyes[1]

March 12, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, E.O., appeals the trial court's order terminating her parental rights to her daughter, B.M.O. and two sons, M.T. and V.T.[2] In presenting this appeal, appointed counsel has filed an *Anders*[3] brief in support of her motion to withdraw. We grant counsel's motion and affirm.

---

[1]Hon. Blair Cherry, Retired Judge sitting by assignment. *See* Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

[2]To protect the parent's and children's privacy, we refer to them by their initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2012). *See also* Tex. R. App. P. 9.8(b).

[3]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Courts, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex.App.—Amarillo 2001, no pet.). *See also In re D.E.S.,* 135 S.W.3d 326, 329 (Tex.App.—Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-47 (Tex.App.—Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies she has diligently researched the law applicable to the facts and issues and candidly discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.,* 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated she has complied with the requirements of *Anders* by (1) providing a copy of the brief to Appellant and (2) notifying her of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. Appellant did not file a response. The Department of Family and Protective Services (Department) did not favor us with a brief.

**Factual Background**

In April 2009, the Department received allegations that the children were being physically and medically neglected.[4] B.M.O. had rotting teeth and, when Appellant was asked why she was not taken to a doctor, Appellant responded that she had rescheduled an appointment but could not recall when or where. An additional intake

---

[4]B.M.O. was five years old, M.T. was three years nine months old, and V.T. was two years seven months old. Appellant was approximately twenty-three years old.

occurred three months later in July when Appellant was living with her mother. The children were seen playing in the street without adult supervision and appeared at the home of neighbors with soiled diapers, asking for food. Their home was also in an unsanitary condition.

The Department's original petition was filed in June 2010 after Appellant, her parents and her boyfriend made only minimal improvements in the home environment and Appellant missed nearly all her appointments with service providers. In the Department's *Third Amended Petition For Protection Of A Child For Conservatorship, And For Termination In Suit Affecting The Parent-Child Relationship* filed in December 2011, the Department sought termination of Appellant's parental rights based on multiple statutory grounds including termination due to a mental deficiency rendering Appellant unable to provide for the physical, emotional, and mental needs of her children.[5] *See* Tex. Fam. Code Ann. § 161.003(a) (West 2008).[6]

At a *de novo* hearing held in December 2011,[7] Dr. William Hoke, a clinical psychologist, testified he performed a psychological evaluation on Appellant. His testing revealed Appellant had an IQ of 55 and was functioning at one-tenth of one percent of individuals in her age group; functioned academically at or below a first grade level while exhibiting reading comprehension skills at a kindergarten level; was

[5]The parental rights of B.M.O.'s father were terminated prior to this action while M.T.'s and V.T.'s alleged father, did not participate in the proceedings despite service. The Department investigated placement of the children with several family members but were unsuccessful due to the family members' criminal history, financial issues, or unwillingness to be considered as a placement option.

[6]Throughout the remainder of this opinion, we will refer to provisions of the Texas Family Code as "section ___" or "§___."

[7]In a prior proceeding, Associate Judge Kevin C. Hart of the South Plains Foster Care Court terminated Appellant's parental rights. Thereafter, Appellant requested a *de novo* appeal.

experiencing moderate to severe depression; was likely to respond to difficult situations by developing physical symptoms such as fatigue; reported a very high level of stress while perceiving her parenting situation as overwhelming; did not feel competent to handle her oldest daughter, B.M.O.; and lacked the life energy necessary to complete many of her parenting responsibilities.

Dr. Hoke indicated Appellant did not have the capacity to adequately provide for her children in the areas of emotional, educational, and physical needs and required assistance simply to meet her own day-to-day needs or be functionally adequate. He described her cognitive impairment as severe and chronic, unlikely to improve with age. He also estimated that her children had probably already surpassed Appellant in terms of their intellectual functioning and capacity to deal with the world.

Appellant testified she was unemployed and without a driver's license or any means of transportation.[8] She could not recall her children's ages, birth dates, grade level, or schools attended. She could not recall the current month or the month of Christmas. Although two of her children were diagnosed with ADHD, she was uncertain what the diagnosis meant or what medications had been prescribed for her children.

Heather Eubanks, a Department human services technician, and Elizabeth Ellis, the children's conservatorship caseworker, also testified at the hearing. They indicated Appellant had difficulty controlling her children during one-hour visits and, although she had received one-on-one training in parenting skills, had shown no progress in her parenting abilities. Both described Appellant as being unable to retain information and

---

[8]Her sole prior employment was as a hotel maid during her junior year in high school. After two weeks, she was terminated for attendance issues.

Ellis testified Appellant could not recall, or did not believe, there were any issues when her children were removed. Ellis also testified that, in addition to being diagnosed as mentally retarded, stability of Appellant's housing had been a major concern throughout her case. She testified Appellant had been unable to show she could care for her children for at least a three or four month period in a safe home environment without moving or having an issue with her family. She was also concerned Appellant was unable to regulate the dosage of her children's medication, comprehend their medical issues or schedule appointments when necessary. She testified Appellant has had five different residences since the termination proceedings were initiated.

Richard Gatlin, a licensed counselor, testified he met with Appellant six out of the eleven scheduled sessions for individual counseling. He agreed Appellant could not comprehend or provide for her children's basic needs. In addition, Appellant's support system was unreliable and she experienced chronic difficulties supporting herself without her children. Because of her condition, he believed Appellant was vulnerable to abuse and exploitation and her children were also at risk. He opined that Appellant would not be able to provide a safe and stable home environment for the children until they reached eighteen years of age. He testified her counseling was discontinued because she made no progress. Even with interventions, he believed her current situation would not improve. Hoke, Ellis, and Gatlin agreed it was reasonable to expect her present condition would continue at least until her children's eighteenth birthdays.

In its order of termination filed in October 2012, the trial court found by clear and convincing evidence that termination was in the children's best interest because, among other grounds, Appellant suffered from a mental or emotional illness or a mental

5

deficiency that rendered her unable to provide for the physical, emotional, and mental needs of her children. *See* Tex. Fam. Code Ann. § 161.003(a) (West 2008). This appeal followed.

**Standard of Review in Termination Cases**

The natural right existing between parents and their children is of constitutional dimension. *See Santosky v. Kramer,* 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). *See also Holick v. Smith,* 685 S.W.2d 18, 20 (Tex. 1985). Consequently, termination proceedings are strictly scrutinized. *In Interest of G.M.,* 596 S.W.2d 846, 846 (Tex. 1980). Parental rights, however, are not absolute, and it is essential that the emotional and physical interests of a child not be sacrificed merely to preserve those rights. *In re C.H.,* 89 S.W.3d 17, 26 (Tex. 2002).

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* Tex. Fam. Code Ann. § 101.007 (West 2008). *See also In re C.H.,* 89 S.W.3d at 25-26.

The Family Code permits a court to order termination of parental rights if the petitioner establishes a parent has (1) a mental or emotional illness or a mental deficiency that renders the parent unable to provide for the physical, emotional, and mental needs of the child; (2) the illness or deficiency, in all reasonable probability, proven by clear and convincing evidence, will continue to render the parent unable to

6

provide for the child's needs until the 18th birthday of the child; (3) the Department has been the temporary or sole managing conservator of the child of the parent for at least six months preceding the date of the hearing on the termination; (4) the Department has made reasonable efforts to return the child to the parent; and (5) the termination is in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.003(a) (West 2008). *See also In Interest of B.L.M.,* 114 S.W.3d 641, 645 (Tex.App.—Fort Worth 2003, no pet.)*.* A non-exhaustive list of factors to consider in deciding best interest is found at section 263.307(b). *See also Holley v. Adams,* 544 S.W.2d 367, 371-72 (Tex. 1976).

**Analysis**

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio,* 488 U.S. 75, 82-83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Based on this record, we conclude that a reasonable fact-finder could have formed a firm belief or conviction that grounds for termination existed in compliance with section 161.003(a) and that termination of Appellant's parental rights was in the children's best interest. *See Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App. 1969). *See also E.L.B. v. Tex. Dep't of Human Services,* 732 S.W.2d 785, 786-87 (Tex.App.—Corpus Christi 1987, no writ) (evidence that mildly retarded mother with an IQ of 60 and severely limited skills coupled with evidence reflecting she was unable to properly care for herself and her children is sufficient particularly where attempts at counseling and teaching her minimal independent living were unsuccessful). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

**Conclusion**

Counsel's motion to withdraw is granted and the trial court's order terminating Appellant's parental rights to B.M.O., M.T., and V.T. is affirmed.


Patrick A. Pirtle
Justice