No. 43,925

In the matter of the Estate of Gertrude McCourt Shirk, (Deceased). BETTY SHIRK, *Appellee*, v. WILLIAM S. SHIRK, Executor, et al., *Appellants*.

(401 P. 2d 279)

Opinion denying motion for rehearing filed May 1, 1965. (For original opinion see *In re Estate of Shirk*, 194 Kan. 424, 399 P. 2d 850.)

*Evart Mills* and *Michael T. Mills*, both of McPherson, appeared on Appellee's Motion for Rehearing. *A. W. Hershberger, Richard Jones, Wm. P. Thompson, H. E. Jones, Jerome E. Jones, Robert J. Roth, William R. Smith* and *Robert J. O'Connor*, all of Wichita, appeared on the Appellee's Motion for Rehearing as *amici curiae*.

*Emmet A. Blaes*, of Wichita, and *Jack O. Bowker*, of McPherson, appeared on the Answer in Opposition to Appellee's Motion for Rehearing.

The opinion of the court was delivered by

HATCHER, C.: The appellee has filed a motion for a rehearing challenging that part of the original opinion dealing with the quality of evidence required to meet the "clear and convincing test" necessary in establishing an oral contract with a person since deceased.

We have considered the motion for rehearing and find no issues pertaining to the question which was not fully considered and determined in the original opinion. The motion for rehearing is therefore denied.

However, the serious argument of able counsel leads us to extend the opinion in one respect. The motion challenges that part of the original opinion which reads:

"Also in reviewing the sufficiency of such evidence on appeal a much different rule is applied than is applicable to the review of evidence in the ordinary civil action. If the trial court finds that such an oral contract was made this court will not only review the record for the purpose of determining if there is any substantial evidence to support the finding but will consider the evidence for the purpose of determining whether it is clear and convincing." (*In re Estate of Shirk*, 194 Kan. 424, 427, 399 P. 2d 850.)

Appellee suggests that this is a new and questionable role for the appellate court in the review of such proof and further states:

"Without overruling its many prior decisions on the subject the Court has arrogated to itself the task of reweighing the evidence when it has not seen and heard the witnesses and has before it only a summary of their testimony.

"Heretofore this Court held it was without jurisdiction to weigh evidence and determine the credibility of witnesses. . . ."

It was not the intention of this court to depart from the long established rule that it would not weigh evidence on appeal. We have not done so. In reviewing the record for the purpose of determining whether there is clear and convincing evidence to support the judgment this court does not weigh the evidence. It considers only the evidence of the successful party for the purpose of determining whether it is substantial and of that quality required to be clear and convincing.

The approach to the question has been somewhat confused by statements that it is the trial court that must be satisfied that the evidence is clear and convincing (*Jones v. Davis,* 165 Kan. 626, 197 P. 2d 932; *Texas Co. v. Sloan,* 175 Kan. 735, 267 P. 2d 919), and that it will be presumed that the trial court applied the proper test in considering the evidence and finding the facts (*Klein v. Blackshere,* 113 Kan. 539, 215 Pac. 315). The statements correctly state the law insofar as they go. It may be said that in every case the trier of facts must be satisfied with the evidence, there must be some evidence to support the findings, and on appeal it will be presumed that the findings are supported by evidence unless there is a showing to the contrary.

Perhaps the rule is more completely stated in those cases which hold that it will be presumed in the absence of a showing to the contrary that the trial court applied the proper test as to clear and convincing evidence. (*Kull v. Pearl,* 147 Kan. 329, 337, 76 P. 2d 790; *In re Estate of Sheets,* 175 Kan. 741, 267 P. 2d 962.) If a review of the record discloses no evidence of a clear and convincing quality there is a showing contrary to the presumption.

In the early case of *Jackman v. Development Co.,* 106 Kan. 59, 187 Pac. 258, after approving the following definition of "clear and convincing" evidence:

" 'It is meant that witnesses shall be found to be credible—that the facts to which they testify are distinctly remembered—that details are narrated exactly and in due order—and that their statements are true. . . ." (p. 64.)

this court set forth its duty on appellate review when the quality of evidence to be "clear and convincing" is being considered. It was held:

"The evidence upon which the judgment in the present case rests is examined, and held to meet the test of 'clear, distinct and satisfactory proof,' and the findings being supported by competent and substantial testimony, it will be presumed that the trial court applied the proper test in weighing the facts." (Syl. 2.)

It is clear from the Jackman case that the appellate court examines the record and must be satisfied that the findings of the trial court were supported by a *quantum* of competent and substantial testimony of the quality required by the standard of clear, convincing or satisfactory proof.

In the recent case of *In re Estate of Dull,* 184 Kan. 233, 336 P. 2d 435, this court after reviewing the testimony of the material witnesses stated:

"In view of the above and other testimony disclosed in the record, we are of the opinion that the evidence was sufficiently clear and convincing to support the judgment and findings of the trial court." (p. 239.)

The only difference in the statement of the rule in the two cases is that in the Shirk case the court said it would consider the evidence, and in the Dull case it in effect said it had considered the evidence, to determine if it was sufficiently clear and convincing.

Other courts have arrived at the same conclusion although perhaps with the same difficulty.

In 5A C. J. S., Appeal & Error, § 1656 (9), p. 519, the rule is thus stated:

". . . A finding that evidence is sufficient to be clear and convincing should not be disturbed unless it may be said as a matter of law that no one could reasonably find the evidence to be clear and convincing." (See, also, *Paulsen v. Coombs,* 123 Utah 49, 253 P. 2d 621.)

The Ohio Supreme Court has met the issue squarely, stating in *Cross v. Ledford,* 161 Ohio St. 469, 120 N. E. 2d 118:

"Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. See *Ford v. Osborne,* 45 Ohio St., 1, 12 N. E. 526, *Cole v. McClure,* 88 Ohio St., 1, 102 N. E. 264, and *State v Rimenik,* 115 Ohio St., 11, 152 N. E. 14." (p. 477.)

Perhaps it should be suggested in conclusion that this court does not lay down a rule of law for the guidance of the trial courts without reserving the right to review and police their actions should they be charged with erroneous or arbitrary application or mis-application of the rule.

APPROVED BY THE COURT.

SCHROEDER, J., dissents.