Evelyn BAXTER, et vir., Appellants,

v.

TEXAS DEPARTMENT OF HUMAN RESOURCES, et al., Appellees.

No. 13878.

Court of Appeals of Texas, Austin.

Sept. 26, 1984.

Rehearing Denied Oct. 24, 1984.

Thomas Goggan, Austin, for appellants.

Ronald Earle, Dist. Atty., Larrilyn K. Russell, Asst. Dist. Atty., Austin, for Tex. Dept. of Human Resources.

Patrick R. Ganne, Austin, appointed attorney ad litem.

Rosemary Coffman, Austin, for intervenors, Barbara and Mark Aarsvold.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

William and Evelyn Baxter appeal the order of the trial court terminating parental rights to their two minor children pursuant to Tex.Fam.Code Ann. § 15.02 (Supp. 1984). We will affirm the order of the trial court.

In 1981 the parties arranged for Evelyn Baxter's nephew and his wife to care for the Baxter children while the Baxters were temporarily out of the country. The couple moved into the Baxter home, and thereafter discovered many sexually explicit letters, printed materials, and photographs, including nude photographs of Evelyn Baxter and her oldest daughter. All of this material was then released to the Texas Department of Human Resources, and subsequently introduced into evidence at trial. The Baxters now contend, in points of error one through eight and 10, that this evidence was illegally obtained, and therefore should have been excluded at trial. Counsel is unable to cite any authority for this proposition.

The exclusionary rule codified in Tex.Code Cr.P. art. 38.23 (Supp.1984) is inapplicable to the present case because the Code of Criminal Procedure applies only to criminal actions, and this is a civil action arising under the Texas Family Code. Tex. Code Cr.P.Ann. art. 1.02 (1977). Furthermore, the evidence about which the Baxters complain was acquired by an individual, not acting as an agent of the State, and is therefore not within the scope of the statutory exclusionary rule. *Vargas v. State*, 542 S.W.2d 151 (Tex.Cr.App.1976), cert. denied, 429 U.S. 1109, 97 S.Ct. 1144, 51 L.Ed.2d 562 (1977). Appellants' first eight points and 10th point of error are overruled.

In points of error nine and 11 through 14, the Baxters contend that the trial court erred in admitting the testimony of the nephew's wife regarding statements made by the children that one of the children stated he had been beaten, was afraid he would be beaten again when his parents returned, and the children had seen the letters and photographs. The Baxters argue that this evidence is hearsay, and should have been excluded. We disagree. This evidence is excepted from the hearsay rule, and is admissible to show the child's state of mind. *Melton v. Dallas County Child Welfare Unit*, 602 S.W.2d 119 (Tex. Civ.App.1980, no writ).

The Baxters next complain of the trial court's admission of the testimony of a psychologist engaged by the State to examine the children for the purpose of trial preparation. In explaining the factual basis for his expert opinion, he testified concerning statements made during the examination. While they concede that an expert witness may testify about the basis for his opinion, the Baxters contend that the witness must state his opinion prior to such testimony. They cite no authority for this assertion, and such evidence is clearly not impermissible hearsay. *Slaughter v. Abilene State School*, 561 S.W.2d 789 (Tex. 1977).

In their 16th point of error, the Baxters assert that the trial court should not have admitted the social study, prepared in accordance with Tex.Fam.Code Ann. § 11.12 (Supp.1984), because such evidence is hearsay. The Family Code expressly authorizes the trial court to order such a study, and we hold that it is freely admissible. Furthermore, there is competent evidence in the record, other than the social study, to sustain the trial court's decision, and in a bench trial the court is presumed to have considered only competent evidence. *Graham v. Graham*, 584 S.W.2d 938 (Tex.Civ.App.1979, no writ).

In their remaining points of error, the Baxters contend that there is no evidence, or insufficient evidence, to support the findings of fact by the trial court. These points are predicated on their prior points of error complaining of the admission of certain evidence at trial.

In reviewing the factual sufficiency of the record in a termination suit, we must determine whether the trial court's findings are supported by clear and convincing evidence. *In the Interest of H.W.E.*, 613 S.W.2d 71 (Tex.Civ.App.1981, no writ). This standard is defined to mean "that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Allred v. Harris Cty. Child Welfare Unit*, 615 S.W.2d 803, 805 (Tex.Civ.App.1980, writ ref'd n.r. e.). The proponent of the termination must establish by this standard that termination is in the best interest of the child, and that the parents have committed one of the acts or engaged in conduct listed in Tex.Fam. Code Ann. § 15.02 (Supp.1984).

The trial court here found that the Baxters had each endangered the physical and mental well-being of the children, as defined in § 15.02(1), and that termination was in the best interest of the children. The record recites a pattern of physical abuse, sexual abuse of at least one child, emotional neglect, abandonment, and failure to pay child support. Expert testimony indicates that the two children were quite

disturbed emotionally, and that their emotional problems fit within the pattern of disturbances exhibited by children who have been abused physically or mentally. We hold that this record adequately supports the trial court's findings.

The order of the trial court is affirmed.

EARL W. SMITH, J., not participating.