**CITY OF ARLINGTON,**
Texas, Appellant,

v.

**Marcus WAYLAND, Appellee.**

**No. 2–84–150–CV.**

Court of Appeals of Texas,
Fort Worth.

May 2, 1985.

Tom Todd, City Atty. and John C. Stewart, Asst. City Atty., Arlington, for appellant.

The Professional Corporation of Rodney R. Elkins and Rodney R. Elkins, Dallas, for appellee.

Before ASHWORTH and JOE SPURLOCK, II, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, City of Arlington, Texas, originally filed suit against appellee, Marcus Wayland, in January of 1978 for recovery of funds due under a promissory note. A judgment was rendered in favor of appellant in April of 1982, however, this judgment was set aside by the trial court and a new trial granted in July of 1982. In March of 1983, appellee filed a counterclaim against appellant. A trial to a jury, in the present case, commenced on October 31, 1983. Pursuant to the jury's answer to special issues, the trial court rendered judgment that appellant take nothing in its suit against appellee and that appellee recover the sum of $5,834.82 in its counterclaim against appellant. Appellant appeals only that portion of the judgment on appellee's counterclaim. Appellee appeals the trial court's denial of attorney's fees to him.

We reverse and remand.

Initially, we must address appellee's contention that this court erred in reinstating appellant's appeal contained in his reply point one and cross-point of error one. This court received and filed appellant's notice of appeal in the present case on July 5, 1984. On July 27, 1984, appellant filed a motion to dismiss its appeal which was granted by this court's amended judgment of August 21, 1984. Appellant subsequently filed a motion to reinstate the entire case which was granted by this Court's order of

August 29, 1984. Appellee now contends that this court erred in reinstating the entire case, however, he cites no authority in support of this contention. We find that appellee's contention is without merit and should be overruled. We further find that the complained of action of this court is consistent with the stated objectives of the rules of civil procedure. TEX.R.CIV.P. 1. Appellees' reply point one and cross-point of error one are overruled.

■ We next find it necessary to address appellee's cross-point of error two which contends that the trial court erred in refusing to grant him judgment for his reasonable attorney's fees, as found by the jury on his counterclaim against appellant. The trial court rendered a modified judgment, in the present case, which found that its original judgment was erroneous in that "attorney's fees are not recoverable under these circumstances against a municipal corporation." We find that the trial court did not err in denying attorney's fees to appellee on his counterclaim. We find that appellee cannot recover attorney's fees against a municipality. *See City of Dallas v. Watkins,* 651 S.W.2d 923, 926 (Tex.App. —Dallas 1983, no writ) and *City of Austin v. North Austin State Bank,* 631 S.W.2d 564 (Tex.App.—Austin 1982, no writ). Appellee's cross-point of error two is overruled.

Appellant raises two points of error in the present appeal. Point of error one contends that the trial court abused its discretion in refusing to allow it leave to file a trial amendment pleading the statute of limitations to appellee's counterclaim. We find it unnecessary to rule on appellant's point of error one in that our disposition of its point of error two renders the issue of abuse of discretion by the trial court moot. Appellant's point of error two contends that there is no evidence, or alternatively, there is insufficient evidence to support the jury's findings on appellee's counterclaim. Special Issues Nos. 7, 8, 9 and 10 dealt with appellee's counterclaim. We need only address the sufficiency of the evidence to support Special Issue No. 10.

■ In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See International Armament Corporation v. King,* 28 Tex.Sup.Ct.J. 255 (February 20, 1985); *Stodghill v. Texas Employers Insurance Association,* 582 S.W.2d 102, 103 (Tex.1979); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; (4) the evidence establishes conclusively the opposite of a vital fact. *Royal Indemnity Co. v. Little Joe's Catfish Inn, Inc.,* 636 S.W.2d 530, 531 (Tex.App.—San Antonio 1982, no writ); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960).

■ If a "no evidence" point is sustained and the proper procedural steps have been taken, the finding under attack may be disregarded entirely and judgment rendered for the appellant unless the interests of justice require another trial. *See National Life & Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

■ Where the challenge to a jury finding is framed as an "insufficient evidence" point, we are to consider all the evidence in the case, both that in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Garza,* 395 S.W.2d at 823. If

the court so determines, the finding should be set aside and a new trial ordered. *Id.*

 In considering an "insufficient evidence" point, we must remain cognizant of the fact that it is for the jury, as the trier of fact, to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *See Taylor v. Lewis,* 553 S.W.2d 153, 161 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). This court may not substitute its judgment for that of the jury if the challenged finding is supported by some evidence of probative value and is not against the great weight and preponderance of the evidence. *See Alford, Meroney & Co. v. Rowe,* 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.).

 Without reviewing the substance of appellee's counterclaim, Special Issue No. 10 asked:

> What do you find, from a preponderance of the evidence, to be the reasonable value of the materials and labor, if any, provided to the City of Arlington by Marcus Wayland in connection with the development of Timbercreek Estates (Timbercreek I) and Timbercreek II?

The jury answered this issue by stating "$5,834.82". Appellant argues that the evidence is legally and factually insufficient to support the jury's answer to Special Issue No. 10. Appellee also argues by his cross-point of error three that there was no evidence or insufficient evidence to support the jury's answer to Special Issue No. 10. It is appellee's contention that the only evidence in the record shows that the reasonable value of the materials and labor provided to appellant was $21,096.32. Appellee asks this court to reform the judgment to award him that amount.

 We find that the only evidence admitted at trial as to the reasonable value of the materials and labor provided to appellant was the sum of $21,096.32. We therefore agree with both appellant and appellee and find that the evidence was insufficient to support the jury's answer to Special Issue No. 10. We are unable to sustain the "no evidence" points because there is some evidence as to the reasonable value of said materials and labor. If an assertion of "no evidence" were sustained, then this court could properly render judgment as requested by appellee. *See National Life & Accident Ins. Co.,* 438 S.W.2d at 909, and *Garza,* 395 S.W.2d at 823. When a challenge to the factual sufficiency of the evidence is sustained, this Court has no authority to render such a judgment. *B.J. Valve & Fitting Company v. Elliott Valve Repair Company,* 679 S.W.2d 1 (Tex.1984). As stated by the court in *Garza,* "[f]actual insufficiency of the evidence does not, however, authorize the court to disregard the finding entirely or make a contrary finding in entering final judgment for one of the parties." *Garza,* 395 S.W.2d at 823. We sustain so much of appellant's point of error two and appellee's cross-point of error three as challenges the sufficiency of the evidence.

The judgment of the court below is reversed and the cause remanded for a new trial of appellee's counterclaim.