**In the Interest of L.R.M. and J.J.M., Children.**

No. 2–87–247–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 12, 1989.

Harry Ward, Jr., Fort Worth, for appellant.

Beverly Fisher, Asst. Dist. Atty., Tarrant County Child Welfare, Chris Marshall, Asst. Dist. Atty., Fort Worth, for respondent.

Before FENDER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from a decree terminating the parental rights of appellant, K.M., under TEX.FAM.CODE ANN. sec. 15.02 (Vernon 1986). Trial was to the jury. K.M. has perfected this appeal.

Appellant is the biological mother of two girls: L.R.M., age six, and J.J.M., age five. The two girls have different fathers; neither father provided financial support for the children. On August 23, 1986, the Fort Worth Police Department investigated a complaint that appellant's boyfriend, O.D., sexually abused L.R.M. On August 25, 1986, the Juvenile Court of Tarrant County ordered the children placed under the temporary managing conservatorship of the Texas Department of Human Services. On September 21, 1987, the controversy was submitted to a jury on special issues and the trial court terminated the parent-child relationships between the children and appellant as well as the relationships between the children and their respective fathers.

Appellant raises two points of error. Both points of error, one for each child, allege insufficient evidence to support the jury's finding appellant engaged in conduct or knowingly placed the children with persons who engaged in conduct which endan-

gered the physical or emotional well-being of the children.

 The natural right existing between parents and their children is of constitutional dimension. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985). The rights to conceive and raise one's own children have been deemed "essential," "basic civil rights of man," and "far more precious ... than property rights." *See Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558 (1972). A termination decree is complete, final, irrevocable, and divests for all time that natural right as well as all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. *Holick*, 685 S.W.2d at 20.

In proceedings to terminate the parent-child relationship brought under TEX.FAM. CODE ANN. sec. 15.02, the petitioner must establish one or more of the acts or omissions enumerated under subdivision (1) of the statute and must additionally prove, as required under subdivision (2) that termination of the parent-child relationship is in the best interest of the child. *Richardson v. Green*, 677 S.W.2d 497, 499 (Tex.1984). Both elements must be established and proof of one of the two elements does not relieve the petitioner of the burden of proving the other element. *See Holley v. Adams*, 544 S.W.2d 367, 370 (Tex.1976); *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex.1976).

 Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by "clear and convincing evidence." *In re G.M.*, 596 S.W.2d 846, 847 (Tex.1980). This standard is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth or the allegations sought to be established." *Id.* Early Texas cases held "[n]o doctrine is more firmly established than that issues of fact are resolved from a preponderance of the evidence, and special issues requiring a higher degree of proof than a preponderance of the evidence may not be submitted to a jury." *Sanders v.*

*Harder*, 148 Tex. 593, 598, 227 S.W.2d 206, 209 (1950); *see also Newland v. Newland*, 529 S.W.2d 105, 108 (Tex.Civ.App.—Fort Worth 1975, writ dism'd); *Boenker v. Boenker*, 405 S.W.2d 843, 847–48 (Tex.Civ. App.—Houston [14th Dist.] 1966, writ dism'd); 35 Tex.Jur.3d *Evidence* sec. 106 (1984). That is no longer the law. As in the instant case, juries may be instructed to determine special issues by clear and convincing evidence. *State v. Addington*, 588 S.W.2d 569, 570 (Tex.1979) (per curiam).

The clear and convincing standard of proof required at the trial level is well settled, but the standard of appellate review to be applied by this court is not as well defined. The State argues we should overrule appellant's point of error if the trial court's judgment is "supported by some evidence of probative value and is not against the great weight and preponderance of the evidence." To support this point, the State cites this court's opinion in *City of Arlington v. Wayland*, 711 S.W.2d 234 (Tex.App.—Fort Worth 1985), *aff'd in part, rev'd in part per curiam*, 711 S.W. 2d 232 (Tex.1986). In *Wayland*, the trial court applied the preponderance of the evidence standard of proof, so this court was considering whether the evidence at trial was sufficient to satisfy the preponderance of the evidence standard. *Id.* at 237. The other cases cited by the State are also preponderance of the evidence cases: *Garza v. Alviar*, 395 S.W.2d 821, 822 (Tex. 1965) (personal injury action); *Simmons v. Jackson*, 653 S.W.2d 935, 936 (Tex.App.— Fort Worth 1983, no writ) (wrongful death action).

Other states have considered whether a different standard of appellate review should apply when reviewing a case decided using the clear and convincing standard of proof. Some courts have held the appellate court should apply the same standard of review regardless which standard of proof was required at trial. *Webber v. Smith*, 129 Ariz. 495, 632 P.2d 998, 1001 (App.1981); *Utica Mutual Ins. Co. v. Monarch Ins. Co. of Ohio*, 250 Cal.App.2d 538, 58 Cal.Rptr. 639, 642 (1967); *Gold v. Max-*

*well,* 176 Cal.App.2d 213, 1 Cal.Rptr. 226, 230 (1959); *Duke City Lumber Co., Inc. v. Terrel,* 88 N.M. 299, 540 P.2d 229, 231 (1975). The Arizona Court of Appeals reasoned that "[s]ince the weight to be given to evidence is peculiarly within the province of the trial court, it is the trial court and not the appellate court which draws a distinction between evidence which is clear and convincing and evidence which merely preponderates." *Webber,* 632 P.2d at 1001. Decisions of other states, including earlier Arizona decisions, have held appellate courts should determine whether the trial court adhered to the clear and convincing standard. *Washington Nat'l Ins. Co. v. Dale Benz, Inc., Contractors,* 94 Ariz. 204, 382 P.2d 678, 679 (1963); *Poley v. Bender,* 87 Ariz. 35, 347 P.2d 696, 698 (1959); *Murillo v. Hernandez,* 79 Ariz. 1, 281 P.2d 786, 791 (1955); *Fox v. Wilson,* 211 Kan. 563, 507 P.2d 252, 265 (1973); *In re Shirk's Estate,* 194 Kan. 671, 401 P.2d 279, 280–81 (1965); *In re Dodge,* 50 N.J. 192, 234 A.2d 65, 91 (1967); *Ayres v. Cook,* 140 Ohio St. 281, 43 N.E.2d 287, 291 (1942); *Hickey v. Ross,* 197 Okla. 543, 172 P.2d 771, 773 (1946); *Brown v. Warner,* 78 S.D. 647, 107 N.W.2d 1, 5 (1961); *Paulsen v. Coombs,* 123 Utah 49, 253 P.2d 621, 624 (1953). The Kansas Supreme Court explained a "finding that evidence is sufficient to be clear and convincing should not be disturbed unless it may be said as a matter of law that no one could reasonably find the evidence to be clear and convincing." *In re Shirk's Estate,* 401 P.2d at 281 (quoting 5A C.J.S. *Appeal and Error* sec. 1656(9), p. 519 (1958)). The court reasoned "this court does not lay down a rule of law for the guidance of the trial courts without reserving the right to review and police their actions should they be charged with erroneous or arbitrary application or misapplication of the rule." *Id.*

■ Texas law requires this court to determine if the trial court adhered to the clear and convincing standard of proof. *Baxter v. Tex. Dept. of Human Resources,* 678 S.W.2d 265, 267 (Tex.App.—Austin 1984, no writ). The Texas Supreme Court has held termination proceedings should be "strictly scrutinized." *Holick,* 685 S.W.2d

at 20: *In re G.M.,* 596 S.W.2d at 846. "In reviewing the factual sufficiency of the record in a termination suit, [the court of appeals] must consider all of the evidence as required by *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951), while applying the 'clear and convincing evidence' standard of proof." *G.M. v. Texas Dept. of Human Resources,* 717 S.W.2d 185, 187 (Tex.App.—Austin 1986, no writ). However, it is imprecise to say the appellate court should apply the clear and convincing standard of proof because the standard of proof must, by definition, be applied in the trial court. The Dallas Court of Appeals recognized this distinction in *Neiswander v. Bailey,* 645 S.W.2d 835, 835–36 (Tex. App.—Dallas 1982, no writ) (citing *Beeler v. American Trust Co.,* 24 Cal.2d 1, 147 P.2d 583, 600 (1944) (Traynor, J., dissenting) and Comment, *Evidence: Clear and Convincing Proof: Appellate Review,* 32 CALIF.L.REV. 74 (1944)). In *Neiswander,* the court held:

> [I]t is the duty of the appellate court in reviewing the evidence to determine, not whether the trier of fact could reasonably conclude that the existence of a fact is more probable than not, as in ordinary civil cases, but whether the trier of fact could reasonably conclude that the existence of the fact is highly probable.

*Neiswander,* 645 S.W.2d at 835–36. This standard of appellate review recognizes the trier of fact judges the credibility of witnesses. *Wayland,* 711 S.W.2d at 237; *see also Brown,* 107 N.W.2d at 5 (appellate court determines if evidence meets minimum standards of clear and convincing, bearing in mind the trier of fact determines credibility of witnesses). However, using the term "highly probable" is an unnecessary complication because, in this context, "highly probable" is merely a synonym for "clear and convincing." Therefore, we prefer to state the rule as follows. When the trier of fact is required to make a finding by clear and convincing evidence, the court of appeals will only sustain a point of error alleging insufficient evidence if the trier of fact could not reasonably find the existence of the fact to be established by clear and

convincing evidence. *Compare In re Shirk's Estate*, 401 P.2d at 281. We do not believe the Texas Supreme Court intends to require trial courts to adhere to a higher standard of proof in termination cases while allowing the courts of appeals to use the same standard of review as in cases decided by preponderance of the evidence. *Id.* Therefore, just as the clear and convincing standard of proof is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings, this standard of appellate review is an intermediate standard. *Neiswander*, 645 S.W.2d at 835. This intermediate standard of review is necessary to protect the fundamental constitutional rights involved by termination of parental rights. *Compare In re G.M.*, 596 S.W.2d at 846. Our holding does not conflict with earlier cases in which the Texas Supreme Court refused to apply a clear and convincing standard. *Meadows v. Green*, 524 S.W. 2d 509, 510 (Tex.1975) (per curiam), and cases cited therein. In *Meadows*, the court stated:

> In reaching its decision the Court of Civil Appeals has sought to apply a third standard of reviewing the evidence presented at trial—the "clear and convincing" standard. In Texas there are but two standards by which evidence is reviewed: factual sufficiency and legal sufficiency. The requirement of clear and convincing evidence is merely another method of stating that a cause of action must be supported by factually sufficient evidence.

*Id.* This court must still determine whether the evidence at trial was factually sufficient to support a finding of clear and convincing evidence. *Compare Ayres*, 43 N.E.2d at 291 (when high degree of proof is required, appellate court should determine whether proof meets that standard); *see also Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984) (in criminal appeal, appellate court must determine if a rational trier of fact could have found elements of crime beyond reasonable doubt).

Other principles of law relating to sufficiency of evidence are still applicable even when an intermediate standard of review is used. Insufficient evidence points should be sustained when (1) evidence is factually insufficient to support a finding by the preponderance of the evidence and (2) a finding is contrary to the great weight and preponderance of evidence which contradicts the finding. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 361, 366 (1960). Likewise, an insufficient evidence point may be sustained when (1) evidence is factually insufficient to support a finding by clear and convincing evidence and (2) a finding is contrary to the weight of contradicting evidence so no trier of fact could reasonably find the evidence to be clear and convincing.

Appellant did not raise a "no evidence" point of error. Our decision should have no relevance to the standard of review for "no evidence" points because the definition of "no evidence" should not be altered by a higher standard of proof. *Contra Rodriguez v. Dept. of Human Services*, 737 S.W. 2d 25, 26–27 (Tex.App.—El Paso 1987, no writ).

■ Appellant contends the State failed to meet its burden of proof because the children's medical evaluations did not reveal conclusive evidence of sexual abuse. Dr. Bruce Jacobsen of John Peter Smith Hospital, testified he examined both children, and the evidence was "suggestive but not conclusive of sexual assault." Standing alone, this evidence would not be clear and convincing, but the trial court heard other testimony.

Carolyn Badgett, a therapist at the Fort Worth Parenting Guidance Center, testified she first met the appellant in June 1982 after the Texas Department of Human Resources (currently Texas Department of Human Services) referred appellant to the Center's Maternal Neglect Program. Badgett testified she tried to teach appellant to be a less neglectful mother, but appellant failed to maintain sanitary living conditions and continued to neglect her children. For example, on several occasions, Badgett arranged for appellant to receive free cloth-

ing for herself and the children. Then, Badgett learned the children did not have clean clothes because appellant kept asking for more new clothes instead of washing the dirty ones. Both children developed a bloody diaper rash. L.R.M. testified appellant beat her with a stick.

In November 1983, appellant and O.D. were both confined in jail pending trial for committing a robbery. Appellant received probation and her probation officer counseled her not to associate with O.D. Appellant continued to associate with O.D., and the court heard evidence O.D. sexually abused L.R.M. L.R.M. testified O.D. sexually abused her and told her "[d]on't tell." J.J.M. also testified O.D. sexually abused L.R.M. Pat Bowles of the Texas Department of Human Services testified L.R.M. is emotionally disturbed, is obsessed with sexual abuse, and repeatedly talks about sexual abuse. Bowles also testified about previous allegations of sexual abuse. She testified that in 1983 L.R.M. suffered painful urination and complained someone had abused her, but appellant denied L.R.M. had been abused.

Appellant admitted she believed O.D. abused L.R.M., but she consistently denied she knew of the abuse before the night of August 23. Bowles testified she informed appellant of prior allegations and investigations, but appellant testified she was not aware of any allegations of sexual abuse until the night of August 23, 1986, when O.D.'s aunt told her O.D. was abusing L.R.M. Appellant claimed she never heard O.D. had ever been suspected of child sexual abuse, but on cross-examination she admitted she knew O.D.'s aunt accused O.D. of sexually abusing her son. In short, appellant's testimony was contradictory and self-serving. The jury heard testimony indicating appellant knew her child was being abused and O.D. was suspected of child sexual abuse.

The jury could have reasonably found O.D. sexually abused L.R.M., and appellant knowingly placed the children with O.D. thereby endangering their physical and emotional well-being. The jury heard testimony L.R.M. had been sexually abused and both children suffered in unsanitary conditions. *Compare Baxter,* 678 S.W.2d at 267–68 (parental rights terminated when one child was sexually abused and both children were neglected). As stated before, the jury decides whether such testimony is credible. We cannot say a reasonable trier of fact would not find this testimony clear and convincing. The medical evidence did not conclusively show L.R.M. had been abused, nor did it indicate L.R.M. had not been abused. Therefore, the medical evidence did not contradict testimony that L.R.M. had been abused, and appellant did not introduce any other evidence to contradict this testimony. Accordingly, appellant's points of error are overruled.

Appellant did not challenge the trial court's finding termination is in the best interest of the children. The State introduced evidence indicating termination was in the best interest of the children. We do not need to consider an issue not mentioned in a point of error.

JUDGMENT AFFIRMED.