In the Interest of D.L.N., a Child















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-178-CV

Â 
Â Â Â Â Â IN THE INTEREST OF D.L.N.,
Â Â Â Â Â A CHILDÂ 
Â 
 
Â 
From the 19th District Court
McLennan County, Texas
Trial Court # 95-618-1
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â We acknowledge that a determination of an involuntary termination of parental rights must be
strictly scrutinized. We also acknowledge that, because a termination involves rights of
âconstitutional dimension,â our statutes require, consistent with due process, that the grounds for
termination must be proved by clear and convincing evidence. See Tex. Fam. Code Ann. Â§Â§
161.001, 161.206(a) (Vernon 1996 & Supp. 1998); Santosky v. Kramer, 455 U.S. 745, 769, 102
S.Ct. 1388, 1403, 71 L.Ed.2d 599 (1982) (citing Addington v. Texas, 441 U.S. 418, 99 S.Ct.
1804, 60 L.Ed.2d 323 (1979)). We still, however, review those findings in the same way as
findings made by a preponderance of the evidence.
Â Â Â Â Â Â I continue to believe that other courts of appeal are on the right course when they say that a
higher burden of proof, i.e., clear and convincing evidence, for determination of fact issues at trial
calls for a different standard for factual-sufficiency review on appeal. See, e.g., Edwards v. Texas
Depât of Protective and Regulatory Services, 946 S.W.2d 130, 135-37 (Tex. App.âEl Paso 1997,
no writ) (holding that the appellate court should review âwhether the evidence was sufficient to
produce in the mind of the factfinder a firm belief or conviction as to the truth of the allegations
sought to be establishedâ); In re H.C., 942 S.W.2d 661, 663-64 (Tex. App.âSan Antonio 1997,
no writ); Slatton v. Brazoria County Protective Services Unit, 804 S.W.2d 550, 556 (Tex.
App.âTexarkana 1991, no writ); Williams v. Texas Depât of Human Services, 788 S.W.2d 922,
926 (Tex. App.âHouston [1st Dist.] 1990, no writ); Interest of L.R.M. and J.J.M., 763 S.W.2d
64, 66 (Tex. App.âFort Worth 1989, no writ);Wetzel v. Wetzel, 715 S.W.2d 387, 389 (Tex.
App.âDallas 1986, no writ); Neiswander v. Bailey, 645 S.W.2d 835, 835-36 (Tex. App.âDallas
1982, no writ); see also Bill Vance, The Clear and Convincing Evidence Standard in Texas: A
Critique, 48 Baylor L. Rev. 391, 415 (1996).
Â Â Â Â Â Â Our constitution and statutes provide for one level of appeal as a matter of right in termination
cases and a factual-sufficiency-of-the-evidence review of determinations made by the factfinder. 
Thus, one could argue that when constitutional rights are affected by fact determinations made
under a higher burden of proof at trial, the affected party has a constitutionally-protected interest
in those determinations being reviewed in a way that insures that the due-process standard was met
at trial. See M.L.B. v. S.L.J., ___ U.S. ___, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (equal
protection requires state to provide transcript in appeal of right to indigent parent whose parental
interest was terminated) (decisions concerning access reflect both equal protection and due process
concerns). That is to say, the rationale of Addington, Santosky, and the "Griffin-line cases"
described in M.L.B. dictates that a different (higher) standard of review be applied on appeal to fact
determinations made at trial under the clear-and-convincing-evidence standard required by due
process. I do not believe that the current standard of review provides that kind of protection.
Â Â Â Â Â Â Finally, saying that the Court of Criminal Appeals' adoption of the traditional factual
sufficiency review standard bolsters the case for maintaining the current standard in civil cases also
fails to persuade me. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). I believe
that the Clewis standard wrongly requires a court of appeals to find that the evidence favors an
acquittal before reversing for factual insufficiency, ignoring the possibility that the evidence could
preponderate in favor of a conviction and still fall short of proof beyond a reasonable doubt. See
Mata v. State, 939 S.W.2d 719, 728 (Tex. App.âWaco 1997, no pet.) (Vance, J., concurring).
Â Â Â Â Â Â With these comments, I concur in the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Opinion delivered and filed December 23, 1997
Publish



pan style='font-family:Palatino'>Â 

Before
Chief Justice Gray,

   Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna

Appeal
abated

Order
issued and filed November 14, 2007

Do
not publish

[CR25]