NUMBER 13-01-642-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

IN THE INTEREST OF A.C. AND J.M.C., MINOR
CHILDREN

 

 



 

                         On appeal from the 24th District Court

                                  of De
Witt County, Texas.

 



 

                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and Castillo

                                  Opinion
by Justice Castillo

This is an
appeal from a judgment after a bench trial terminating the parental rights
between appellant Tyree Lynn Cervantes (ACervantes@) and her
child, A.C.   In one issue, appellant
asserts that the evidence presented to the trial court was factually
insufficient to support the trial court=s finding that
her parental rights should be terminated.  
We affirm.  








Procedural
History and Factual Background

Sometime in
1994, the Texas Department of Protective and Regulatory Services (ATDPRS@) first became
involved with the Cervantes family.  Two
older children, not subjects of this suit, were then removed from the home and
placed with relatives after Cervantes and her husband, Bobby Cervantes, left
them alone.  TDPRS again became involved
with the family in 1998, when another child, J.M.C., was removed at birth due
to Cervantes testing positive for cocaine at the time.[1]  








On November 11,
1999, Cervantes gave birth to A.C., the child who is the subject of this
appeal, while undergoing substance abuse treatment.  TDPRS filed a suit affecting parent child
relationship (ASAPCR@) on November
30, 1999,[2]
alleging  that Cervantes was not able to
provide adequate care to A.C. Adue to the
ongoing substance abuse problem.@  On the same day the petition was filed, the
trial court entered emergency orders and appointed TDPRS temporary managing
conservator of A.C.[3]  On December 21, 1999, a full adversary
hearing was held, pursuant to section 262.201of the family code, and both
Cervantes and her husband appeared. 
TDPRS was continued as temporary managing conservator of A.C.  In material part, the trial court order
provides that:

19.1 TYREE
CERVANTES is ORDERED, pursuant to Sec. 263.106, Tex. Fam.
Code, to comply with each requirement set out in the Department=s original, or
any amended, service plan during the pendency of this
suit. 

 

The order
allowed A.C. to remain with Cervantes during her placement in a drug
rehabilitation treatment center.  The
record reveals that the family service plans TDPRS generated required that
Cervantes successfully complete all drug treatment programs and attend
counseling.[4]  In general, the goals of the TDPRS service
plans in her case were that she demonstrate an ability to change the pattern or
behavior that resulted in its intervention and an ability to stay away from a
drug lifestyle.   

At the
termination hearing on January 8, 2001, after hearing evidence from
caseworkers, CASA volunteers,[5]
appellant=s pastor, and
others, the trial court entered its order of termination, finding clear and
convincing evidence that Cervantes violated sections  161.001(1)(D), (E), (O), and (P) of the Texas
Family Code and that termination was in the best interest of A.C.  See Tex.
Fam. Code Ann. '161.001(1)(D),(E),
(O) & (P) and 161.001(2)(Vernon Supp. 2002).

Standard of
Review








In reviewing
the factual sufficiency of the evidence, the court must consider and weigh all
the evidence and should set aside the judgment only if it is so obviously  weak or contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust.  Pool v. Ford Motor Co., 715 S.W.2d 629,
635 (Tex. 1986).  In the context of a
termination of parental rights this will be found when: (1) the evidence is
factually insufficient to support such a finding by clear and convincing
evidence; or (2) a finding is so contrary to the great weight of contradicting
evidence that no trier of fact could reasonably have
found the evidence to be clear and convincing.  In re L.R.M., 763 S.W.2d 64, 67 (Tex. App.BFort Worth
1989, no writ).   We review a factual
sufficiency issue in a bench trial using the same standard that we use in
reviewing factual sufficiency following a jury verdict.  K.C. Roofing Co., Inc. v. Abundis, 940 S.W.2d 375, 377 (Tex. App.BSan Antonio
1997, writ denied). 

We note that
Cervantes did not request findings of facts or conclusions of law.  When findings of facts and conclusions of law
are not requested and none are filed, we must affirm the judgment if we can
uphold it on any legal theory that finds support in the evidence.  In re W.E.R., 669 S.W.2d 716, 717
(Tex. 1984)(per curiam).  In the case of a bench trial, a review of
factual sufficiency involves reviewing the trial court=s findings of
fact.  When those findings of fact are
missing, as they are in the present case, we will presume that the trial court
found all fact questions in support of the judgment.  IKB Indus. v. Pro-Line Corp., 938
S.W.2d 440, 445 (Tex. 1997).  We will
affirm the trial court judgment on any legal theory that finds support in the
pleadings and the evidence.  Id.

 








Standard of
Proof








A court may
order the termination of the parent-child relationship if it finds clear and
convincing evidence of two factors:  (1)
that the parent has violated one or more of the statutory grounds set forth in
section 161.001(1) of the family code, and (2) that termination is in the best
interest of the child as required under section 161.001(2) of the family
code.  Tex.
Fam. Code Ann. '161.001(Vernon
Supp. 2002).  An order terminating the
parent-child relationship divests the parent and the child of all legal rights
and duties with respect to each other, except that the child retains the right
to inherit from and through the parent unless the court otherwise provides.  Tex.
Fam. Code Ann. '161.206(b)
(Vernon 1996).  Because the involuntary
termination of parental rights interferes with fundamental constitutional
rights, we must strictly scrutinize involuntary termination proceedings in favor
of preserving the relationship.  See
Holick v. Smith, 685 S.W.2d 18, 20
(Tex. 1985); In re G.M., 596 S.W.2d 846, 846 (Tex. 1980).  If the court finds grounds for termination of
the parent-child relationship by clear and convincing evidence, it shall render
an order terminating the parent-child relationship.  Tex.
Fam. Code Ann. '161.206(a)
(Vernon 1996).  The  Aclear and
convincing evidence@ standard of
proof is required in all proceedings for involuntary termination of the parent‑child
relationship.  In re G.M., 596
S.W.2d at  847.  AClear and
convincing evidence@ is defined as
the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction about the truth
of the allegations sought to be established.  Tex. Fam. Code Ann. '101.007 (Vernon
1996).  The clear and convincing standard
is an intermediate standard, falling between the preponderance standard of
ordinary civil proceedings and the reasonable doubt standard of criminal
proceedings.   In re G.M., 596
S.W.2d at 847.  The clear and convincing
standard of proof does not alter the appropriate sufficiency standard of
appellate review.[6]  In re A.D.E., 880 S.W.2d 241, 245
(Tex. App.BCorpus Christi
1994, no writ).  

Analysis








By her sole
issue, Cervantes asserts that the evidence was factually insufficient to
support termination of her rights.  She
states that the evidence was not clear and convincing to show that she:  (1) engaged in any acts since A.C.=s birth which
endangered the child; (2) had placed the child in any circumstances that would
endanger the child;  (3) failed to comply
with the court=s orders
regarding the actions necessary to return the child to her; or (4) had failed
to complete court-ordered substance abuse programs after having used a
controlled substance in a manner that endangered her child=s health or
safety.[7]  She does not challenge the trial court=s finding that
the termination was in the best interest of the child.   








Considering
appellant=s first
argument, we observe that she mischaracterizes the standard of proof.  The trial court was not required to find that
appellant had engaged in any acts that endangered A.C. since her birth.  The trial court was authorized to consider
appellant=s actions
before and after the child was born.  In
re D.M., 58 S.W.3d 801, 812 (Tex. App.BFort Worth
2001, no pet.); Dupree v. Tex. Dep=t of Protective
and Regulatory Servs., 907 S.W.2d
81, 84 (Tex. App.BDallas 1995, no
writ)(under predecessor statute).  The
use of drugs during pregnancy is itself conduct which endangers the physical
and emotional well‑being of the child. 
In re W.A.B., 979 S.W.2d 804, 806 (Tex. App.BHouston [14th]
1998, pet. denied);  Dupree,  907 S.W.2d at 84.  To be relevant, the conduct does not have to
have been directed at the child, nor must actual harm result to the child from
the conduct.  Dupree, 907 S.W.2d
at 84.  The cause of the danger to the
child must be the parents' conduct, as evidenced not only by the parents' acts
but also by the parents' omissions or failures to act.  Id. at 83-84.  

The record
shows that Cervantes had been in drug rehabilitation programs six times since
1995, two of which were temporarily successful. 
The caseworker who made contact with Cervantes in 1994 testified that
she used drugs at that time and that TDPRS had become involved because her two
older children had been left alone.  
After Cervantes tested positive for cocaine in December 1998, the TDPRS
removed her son J.M.C. from her possession because of her continued use of
cocaine.  At that time, Cervantes was
pregnant with A.C.  At one point, to pay
for her $50 a day cocaine habit, Cervantes was prostituting herself while
pregnant with A.C.  Cervantes later
entered a substance abuse treatment facility and was discharged as successful
after about five months.  The month after
her release, Cervantes suffered a relapse and, at her request, was placed in
another drug treatment program.[8]  A.C. was born on November 11, 1999, while
Cervantes was at the drug treatment facility and was allowed to remain with
Cervantes there.  In February 2000,
Cervantes was released, and A.C., who was three months old at the time, was
placed in foster care.  Appellant denied
any further drug use from June 25, 1999. 









The TDPRS
offered Cervantes weekly counseling, other Aafter care drug@ programs, and
parenting classes, which she attended. 
In May 2000 and October 2000, the TDPRS was unaware of her
whereabouts.  During these periods, she
missed counseling classes and services TDPRS provided.  She also did not visit the child in foster
care even though visits were scheduled.  
At one point, Cervantes was in jail for three weeks.[9]  She also continued to have contact with Bobby
Cervantes despite his drug problem.[10]  Throughout its intervention, TDPRS offered
her parenting classes, drug assessments, marital counseling, substance abuse
counseling, group counseling, early childhood-step courses, treatment centers,
psychological evaluations, Alcoholics Anonymous counseling, day care, family
counseling, and after-care counseling. 
Despite such assistance, when Cervantes was asked at the termination
hearing if she could take care of her children if returned to her, she
answered, ANot at this
time.@








We find that
the evidence was factually sufficient to support the trial court=s decree
severing the parental rights of Cervantes and her child, A.C.  The record discloses clear and convincing
evidence that she engaged in conduct which endangered the physical and
emotional well-being of her child.  Tex. Fam. Code Ann. '161.001(1)(E)
(Vernon Supp. 2002).  As we have found
the evidence factually sufficient to sustain the trial court=s decision as
to one of the grounds permitted under 161.001(1),  we need not consider the sufficiency of the
evidence to sustain the other grounds found by the court.  Phillips v. Tex. Dep=t of Protective
and Regulatory Servs., 25 S.W.3d 348,
359 (Tex. App.BAustin 2000, no
pet.).  As there was no challenge on
appeal to the finding of the court under section 161.001(2) of the family code
that the termination was in the best interest of the child, we likewise need
not address that question.  In re
L.R.M., 763 S.W.2d at 68.

Conclusion

We overrule
appellant=s sole issue
and affirm the judgment of the trial court terminating the parent-child
relationship.  

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 23rd day of May, 2002.

 











[1] A
suit affecting parent-child relationship, docketed as cause number
98-12-17,915, and relating to J.M.C., was at one time consolidated with the
suit relating to A.C.  However, that
portion of the suit was subsequently dismissed and appellant raises no issues
in this appeal as to the trial court=s
actions in relation to J.M.C.





[2]  On November 29, 2000, the trial court entered
an order extending its jurisdiction and dismissal date pursuant to section
263.401(b)(1). Tex. Fam. Code Ann. '263.401(b)(1)(Vernon
Supp. 2002).  





[3]
Since removal from Cervantes=s
possession, A.C., together with J.M.C., has been in the foster home of a couple,
who wish to adopt A.C.   The couple have
had her since she was three months old. 
A.C. has Aspecial needs@
and has a heel condition that requires a brace on her leg.   





[4]
The family service plans contained in the record were filed on January 12,
2000, May 23, 2000, September 18, 2000, January 5, 2001, and April 11,
2001.  





[5] Court
appointed special advocates. See Tex.
Fam. Code Ann. '' 107.031,
264.601(2) (Vernon 1996 & Supp. 2002). 





[6] While
Texas courts of appeal have been divided on the question of applying a higher
standard of sufficiency review in appeals from the termination of parental
rights, this Court has not applied an elevated standard of review when
examining the sufficiency of such cases. 
In re I.V., 61 S.W.3d 789, 794 (Tex. App.BCorpus
Christi 2001, no pet.)





[7]
The court found that appellant had committed the following acts or omissions
under section 161.001(1) of the family code:

 

(D)
knowingly placed or knowingly allowed the children to remain in conditions
or  surroundings which endanger the
physical or emotional well-being of the child;

 

(E)
engaged in conduct or knowingly placed the children with persons who engaged in
conduct which endangers the physical or emotional well-being of the child;

 

(O)
failed to comply with the provisions of a court order that specifically
established the actions necessary for the parent to obtain the return of the
child who have been in the permanent or temporary managing conservatorship
of the Department of Protective and Regulatory Services for not less than nine
months as a result of the child=s
removal from the parent under Chapter 262 for the abuse or neglect of the
child;

 

(P)
used a controlled substance, as defined by Chapter 481, Health and Safety Code:
(1) in a manner that endangered the health or safety of the child, and failed
to complete a court-ordered substance abuse treatment program; or (2)
repeatedly, after completion of a court-ordered substance treatment program, in
a manner that endangered the health or safety of the child.           

 

See Tex. Fam. Code Ann. '161.001(1)(D), (E), (O) & (P) (Vernon Supp. 2002).              

 





[8]
Samuel Salas, the director of inpatient treatment services at the facility,
testified Cervantes admitted to him using cocaine shortly before her
entry.  He stated that the program Aensures
a drug-free baby@ for an
enrolled pregnant woman.  





[9]
She was incarcerated for writing insufficient checks for which
offense she was later placed on deferred adjudication probation in Dewitt
County and Victoria County. At the time of the termination hearing, a motion to
adjudicate guilt had been filed on one of her cases.





[10]
Cervantes admitted that her husband was a habitual user of marijuana and had a
history of battering her.